

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-10-00228-CV

HIDALGO COUNTY,                                                        Appellant,

v.

MALCOLM G. DYER,                                                       Appellee.

## NUMBER 13-10-00251-CV

TEXAS DEPARTMENT OF
TRANSPORTATION,                                                       Appellant,

v.

MALCOLM G. DYER,                                                       Appellee.

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

# OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Opinion by Justice Perkes**

These cases are interlocutory, accelerated appeals from the trial court's orders denying the Texas Department of Transportation ("the Department") and Hidalgo County's ("the County") respective pleas to the jurisdiction based on sovereign and governmental immunity.[1] We conclude the trial court lacked subject-matter jurisdiction over all of appellee Malcolm G. Dyer's claims challenged on appeal. We reverse the trial court's respective orders denying the Department and the County's pleas to the jurisdiction and render judgment dismissing all of Dyer's claims with prejudice, except for Dyer's inverse-condemnation claim, which is not challenged on appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2006, the County filed a condemnation action in county court to acquire fee title to approximately 1.48 acres of land Dyer owned in Hidalgo County, Texas.[2] The County sought the land for purposes of expanding Jackson Road in Hidalgo County.[3] A Special Commissioners' Hearing was convened in July 2006 to assess damages the County owed Dyer for the condemnation. Dyer claimed he never received proper notice of the hearing, and he did not participate in the hearing.[4] In August 2006, the county court adopted the Special Commissioners' findings as its judgment in the County's

---

[1] This court has jurisdiction to hear interlocutory appeals from orders denying a plea to the jurisdiction filed by a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE §51.014(a)(5), (8) (West 2008); *see also Texas A&M Univ Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007); *Hidalgo County v. Gonzalez*, 128 S.W.3d 788, 791 (Tex. App.—Corpus Christi 2004, no pet.).

[2] The County's condemnation action was cause number CCD-1484-E in the County Court at Law Number Five, Hidalgo County, Texas.

[3] By agreement, the County was responsible for initiating and implementing condemnation proceedings for acquisition of Dyer's property, and the Department was to reimburse the County for the cost of acquiring the right-of-way.

[4] Dyer also alleged other deficiencies pertaining to the Special Commissioners' Hearing, but they are immaterial to the issues in these appeals.

2

condemnation suit.

On or about April 1, 2007, the Department and the County entered and took possession of Dyer's property. According to Dyer, the Department and the County started storing equipment on his land, destroyed access to one parcel of his land without ever restoring it, and diminished his income from mining soil on his land.

In October 2007, Dyer filed a partial motion for summary judgment in the county court, seeking dismissal of the County's condemnation action for lack of jurisdiction. Among other things, Dyer complained he was not given proper notice of the Special Commissioners' Hearing. In January 2008, the county court granted Dyer's partial motion for summary judgment, and dismissed the County's condemnation action as defective. In April 2008, the county court signed an agreed order to sever Dyer's counterclaims against the County from the condemnation case.[5]

In June 2008, Dyer sued the Department and the County in the trial court, the 398th District Court of Hidalgo County. Against each defendant, Dyer alleged a claim for inverse condemnation under article 1, section 17 of the Texas Constitution, violation of the due-course-of-law provision in article 1, section 19 of the Texas constitution, violation of the Texas Private Real Property Rights Preservation Act, violation of title 42, section 1983 of the United States Code, trespass, and claims for attorney's fees. In February 2009, Dyer filed his First Amended Petition, adding claims for declaratory relief premised on the previously-filed claims in the lawsuit.

---

[5] The severed counterclaims were assigned cause number CCD-1484-E-1 in the County Court at Law Number Five, Hidalgo County, Texas. In November 2008, the trial court granted a motion to transfer Dyer's severed counterclaims from the county court to the trial court and to consolidate them with Dyer's suit against the Department and the County in the trial court.

Both the Department and the County answered Dyer's suit and asserted pleas to the jurisdiction. The trial court held a hearing on the pleas to the jurisdiction at which Dyer testified. After the hearing, Dyer filed a Second Amended Petition, adding a claim for "negligent trespass."[6]

Several months later, the trial court denied the Department and the County's respective pleas to the jurisdiction. The trial court signed two orders denying the respective pleas. The County and the Department each filed a timely notice of accelerated, interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008) (authorizing interlocutory appeal from a district court's order denying a governmental unit's plea to the jurisdiction); *see also Id.* § 101.001 (West 2005) (defining "governmental unit" so as to include the Department and the County); TEX. R. APP. P. 28.1 (identifying and setting forth procedural rules for accelerated appeals).

There being two orders, a separate cause number was assigned to each case on appeal. The appeals arise from a single case in the trial court and a single set of facts. The record on appeal has been consolidated in these cases. Although the appeals have not been consolidated, in the interest of judicial economy, we issue a single opinion herein disposing of both appeals.

## II. ISSUES PRESENTED

The Department and the County each present this single issue, with several sub-issues for review; Does the trial court lack subject-matter jurisdiction over the following:

---

[6] All subsequent references to Dyer's "petition" in this opinion are to Dyer's Second Amended Petition as it was his live pleading when the trial court ruled on the pleas to the jurisdiction.

4

(1)  Dyer's claim under article 1, section 19 of the Texas Constitution;

(2)  Dyer's claim under title 42, section 1983 of the United States Code;

(3)  Dyer's claim under the Texas Private Real Property Rights Preservation Act;

(4)  Dyer's trespass claim;

(5)  Dyer's declaratory-judgment claims; and

(6)  Dyer's attorney's fees claims?[7]

## III.  STANDARD OF REVIEW AND BURDEN OF PROOF

To render a binding judgment, a court must have both subject-matter jurisdiction over the controversy and personal jurisdiction over the parties.  *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010).  A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action.  *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Cameron County, Tex. vs. Ortega*, 291 S.W.3d 495, 497 (Tex. App.—Corpus Christi 2009, no pet.).  Subject-matter jurisdiction is a question of law; therefore, we review the trial court's ruling on a plea to the jurisdiction de novo.  *See Miranda*, 133 S.W.3d at 228; *Ortega*, 291 S.W.3d at 497.

A plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction.  *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002);

---

[7]  In its appellate briefing, the County includes its sub-issue challenging Dyer's claims for attorney fees with sub-issue five, in which it challenges the trial court's subject-matter jurisdiction over Dyer's declaratory-judgment action.  For purposes of this opinion, we treat the County's challenge to Dyer's claim for attorney fees as a sixth sub-issue.

*State of Tex. Parks & Wildlife Dept. v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). In deciding a plea to the jurisdiction, a court may not weigh the merits of the causes of action, but must consider only the plaintiff's pleadings and any evidence in the record pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002*)*; *City of Laredo v. Nuno*, 94 S.W.3d 786, 788 (Tex. App.—San Antonio 2002, no pet.). The appellate court must examine the pleader's intent and construe the pleading in the plaintiff's favor. *Brown*, 80 S.W.3d at 555; *Ramirez,* 74 S.W.3d at 867. However, a plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading affirmatively negates the existence of jurisdiction. *Brown*, 80 S.W.3d at 555; *Ramirez,* 74 S.W.3d at 867.

## IV.  ANALYSIS

On appeal, Dyer argues this Court should not analyze on a claim-by-claim basis whether the trial court had subject-matter jurisdiction because the Department and County's pleas to the jurisdiction were general and asked that all of Dyer's claims be dismissed. The reporter's record on appeal shows that at the special-appearance hearing, without objection, the Department challenged the trial court's subject-matter jurisdiction claim-by-claim, the County adopted the Department's arguments as its own, and afterward the trial court denied the respective pleas to the jurisdiction. In *Thomas v. Long*, the Supreme Court of Texas held a trial court should address subject-matter jurisdiction claim-by-claim, dismissing claims over which it lacks subject-matter jurisdiction and retaining claims in the same case over which it has jurisdiction. 207

6

S.W.3d 334, 338–39 (Tex. 2006). Accordingly, we address Dyer's claims individually to determine whether the trial court lacked subject-matter jurisdiction over them. *See id.*

### A. Dyer's Trespass Claim

The Department and the County argue that immunity from suit has not been waived for Dyer's trespass claim because Dyer has alleged an intentional tort for which the Texas Tort Claims Act does not waive immunity. We agree.

The Texas Tort Claims Act (the "Act") provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.023 (West 2005). The Act does not waive immunity for claims arising from any intentional tort. *Id.* § 101.057 (West 2005). In determining whether a plaintiff's claims are barred by immunity, we look to the substance of the claims alleged because governmental immunity cannot be circumvented by artful pleading. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 577 & 580 (Tex. 2001); *Harris County v. Cabazos*, 177 S.W.3d 105, 111-12 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Delaney v. Univ. of Houston*, 835 S.W.2d 56, 60 (Tex. 1992)).

The intentional tort of trespass involves the intent to commit an act which violates a property right or is practically certain to have that effect, although the actor may not know the act he intends to commit is a violation of a property right. *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.* 298 S.W.3d 436, 447 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Harris County v. Cypress Forest Pub. Util. Dist.,* 50 S.W.3d 551, 554 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Dyer pleaded that the Department and the County trespassed on his property by entering

it and "staging" construction materials/equipment, concrete, and piping on it. Dyer pleads the Department and the County's contractor for the Jackson Road Project told Dyer that the Department and the County instructed the contractor to place and keep these items on Dyer's property. In the alternative, Dyer claims these same actions are a "negligent trespass" that caused him damages.

Although Dyer attempts to characterize his trespass claim as a negligence claim, Dyer's petition alleges intentional conduct for which there is no waiver of immunity. *See Harris County*, 50 S.W.3d at 554 (holding allegation of trespass by dumping hazardous materials on land alleged an intentional tort). In light of this conclusion, we need not reach the County's argument that the trial court lacked subject-matter jurisdiction over Dyer's trespass claim because Dyer failed to give pre-suit notice of this claim under Texas Civil Practice and Remedies Code section 101.101. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (West 2005). We sustain the Department and the County's fourth sub-issue on appeal.

## B. Dyer's Texas Private Real Property Rights and Preservation Act Claims

The Department argues Dyer's claim against it under the Texas Private Real Property Rights Preservation Act ("PRPRPA") should have been dismissed for lack of subject-matter jurisdiction because Dyer failed to exhaust his administrative remedies by filing a contested case with the Department, a prerequisite to judicial review of Dyer's PRPRPA claim against the Department. *See* TEX. GOV'T CODE ANN. § 2007.001–.045 (West 2008) (PRPRPA). The County argues Dyer's PRPRPA claim against it should be

8

dismissed for lack of subject-matter jurisdiction because Dyer failed to timely file the PRPRPA claim against it in district court.

### i. Standard of Review for Questions of Statutory Construction

We review questions of statutory construction de novo. *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)). In construing statutes, our primary objective is to give effect to the Legislature's intent. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). We rely on the plain meaning of the text as expressing legislative intent, unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Id.* We presume the Legislature selected the language in a statute with care and that every word or phrase was used with a purpose in mind. *Id.* When the language of a statute is clear and unambiguous, Texas courts do not resort to rules of construction or extrinsic aids to construe the language. *Id.* at 640 (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008)).

PRPRPA waives sovereign immunity from suit and liability to the extent it creates liability. *See* TEX. GOV'T CODE ANN. § 2007.004(a). PRPRPA authorizes a "private real property owner" to seek a determination that a "governmental action" constitutes a "taking" as defined in the act. *See id.* §§ 2007.002(2), (4), (5), 2007.021–.23. If the owner succeeds in obtaining such a determination, he is entitled to an order that the governmental entity in question rescind the governmental action, or the part of the governmental action resulting in the taking. *See id.* §§ 2007.023(b), .024(a). In

9

response to such an order, the governmental entity has the option, instead of rescission, of paying damages as compensation to the prevailing owner for the taking. *See id.* § 2007.024(c)–(f).

PRPRPA sets forth different requirements for an "Administrative Proceeding Against [a] State Agency" and a "Suit Against a Political Subdivision." *Compare id.* § 2007.021 (suit against political subdivision), *and*, §.022 (administrative proceeding against state agency). PRPRPA provides "a private real property owner may file a contested case with a state agency to determine whether a governmental action of the state agency results in a taking under this chapter." *Id.* § 2007.022(a). PRPRPA specifies a private real property owner may bring suit "under this subchapter to determine whether the governmental action of a political subdivision results in a taking under this chapter." *Id.* § 2007.021(a). Such a suit "must be filed in a district court in the county in which the private real property owner's affected property is located." *Id.*

"In each case, the proceeding must be filed with its appropriate tribunal 'not later than the 180th day after the date the private real property owner knew or should have known that the governmental action restricted or limited the owner's right in the private real property.'" *State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 348 (Tex. App.—Austin 2009, pet. filed) (quoting TEX. GOV'T. CODE ANN. §§ 2007.021(b), .022(b)). Further, "a person who has exhausted all administrative remedies available within the state agency and is aggrieved by a final decision or order in a contested case filed under Section 2007.22 is entitled to judicial review" under the Administrative Procedure Act, although such review is by trial de novo. TEX. GOV'T CODE ANN. § 2007.025(b) (referencing

10

Government Code Chapter 2001, the Administrative Procedure Act). The court or state agency shall award a private real property owner or governmental entity that prevails in a suit or a contested case reasonable and necessary attorney's fees and court costs. *Id.* § 2007.026.

### ii. The Department's PRPRPA Argument

The Department argues that because it is a state agency, as a jurisdictional prerequisite to judicial review of his PRPRPA claim against it, Dyer was required to timely file a contested case with the Department. Dyer argues filing a contested case is optional because the statute says a contested case "may" be filed. We agree with the Department.

The parties agree the Department is a state agency. *See State v. Lucek*, 290 S.W.3d 876, 880 (Tex. 2009) (recognizing the Texas Department of Transportation as a state agency). Under the plain meaning of the text of the statute, the timely filing of a contested case with the Department is a prerequisite for judicial review of a PRPRPA claim against it. *See* TEX. GOV'T CODE ANN. § 2007.022, .025(b). While the statute provides a contested case "may" be filed with a state agency, it also provides that sovereign immunity from a PRPRPA claim is only waived to the extent set forth in the PRPRPA statute. *Id.* § 2007.004, .022. The statute only provides for judicial review of a PRPRPA claim against a state agency after a person has "exhausted all administrative remedies available within the state agency and" obtained "a final decision or order in a contested case filed under Section 2007.22." *Id.* § 2007.025(b). Analyzing this language in *BP America Production Company*, the Third Court of Appeals concluded a

11

timely contested case challenging the actions of a state agency is a jurisdictional prerequisite to filing a suit for judicial review of a PRPRPA claim against a state agency. *BP Am. Prod. Co.*, 290 S.W.3d at 348.

Dyer's pleadings do not demonstrate that he exhausted his administrative remedies by timely filing a contested case to challenge the Department's actions. At oral argument, Dyer conceded he did not file a contested case with the Department prior to seeking judicial review of his PRPRPA allegations against the Department. Under these facts, the district court erred in denying the Department's plea to the jurisdiction as to Dyer's PRPRPA claim against the Department. *See* TEX. GOV'T CODE ANN. § 2007.025(b); *BP Am. Prod. Co.*, 290 S.W.3d at 348. Dyer cannot be entitled to attorney's fees on his PRPRPA claim against the Department in this case because there is no way he can prevail in a contested case or suit against the Department under PRPRPA, now that the 180 days for filing a contested case has expired. *See* TEX. GOV'T CODE ANN. § 2007.022(b), .026. We sustain the Department's third sub-issue on appeal.

### iii.  The County's PRPRPA Argument

The County argues Dyer's PRPRPA claim against it should be dismissed for lack of subject-matter jurisdiction because Dyer failed to timely file his PRPRPA claim against it in district court. The County points out that Dyer alleges the taking occurred in April 2007, but the present lawsuit was filed in June 2008, well outside the applicable 180-day time frame. Dyer maintains the time to file his PRPRPA claim against the County in district court was tolled during the pendency of the County's condemnation suit against him in county court. The record in this case reflects that the County's condemnation suit

12

was filed in May 2006 and dismissed on Dyer's motion for summary judgment for lack of jurisdiction in January 2008. Dyer argues his 180 days to file suit started to operate in April 2008, when the county court severed his counterclaims from the County's condemnation suit. According to Dyer, he timely filed his PRPRPA claim against the County by filing this lawsuit in the trial court in June 2008.

Dyer bases his tolling argument on section 2007.003(b)(8), which provides that PRPRPA "does not apply to" a "formal exercise of the power of eminent domain." *See* TEX. GOV'T CODE ANN. § 2007.003(b)(8). Otherwise, Dyer does not cite any legal authority for his tolling argument and there is no tolling provision in the statute. *See id.* §§ 2007.001–.045. Dyer simply argues that because PRPRPA does not waive immunity for a formal exercise of eminent domain, his time to file suit against the County was tolled until the county court granted Dyer's motion for summary judgment and dismissed the County's condemnation action against Dyer for lack of jurisdiction. We disagree.

Nothing in the plain language of PRPRPA provides for tolling the time a private real property owner may bring suit against a political subdivision. The plain language of the statute provides "[a] suit under this subchapter must be filed not later than the 180th day after the date the private real property owner knew or should have known that the governmental action restricted or limited the owner's right in the private real property." *Id.* § 2007.021(b). Under the statute, the time to file suit depends only on when the property owner knew or should have known of the restriction or limitation on the owner's real-property right. It does not depend on the timing of any other factor.

13

Applying the statute to this case, the parties agree the County is a political subdivision. *See Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (identifying counties as political subdivisions of the state). Dyer pleads the alleged taking of his property commenced on or about April 1, 2007, and testified to this fact at the special-appearance hearing. As such, Dyer's 180 days to file his PRPRPA claim against the County in district court expired well before June 2008, when Dyer filed his PRPRPA claim against the County in district court. *See* TEX. GOV'T CODE ANN. § 2007.021(b). As PRPRPA only waives immunity from suit to the extent provided for in the act, the requirement that suit against a political subdivision be timely filed in district court is jurisdictional. *See id.* §§ 2007.004(a), .021(b); *BP Am. Prod. Co.*, 290 S.W.3d at 367 (holding timely filing in proper district court is a jurisdictional requirement for suing a political subdivision pursuant to PRPRPA).

We hold the trial court lacked jurisdiction over Dyer's PRPRPA claim against the County. Dyer cannot be entitled to attorney's fees on his PRPRPA claim against the County because there is no way he can prevail in a PRPRPA suit against the County, now that the 180 days for filing suit has expired. *See* TEX. GOV'T CODE ANN. § 2007.021(b), .026. We sustain the County's third sub-issue on appeal.

In doing so, we note that this conclusion is consistent not only with the plain language of the statute, but also with Dyer's position in the trial court until the time of the special-appearance hearing. In Dyer's response to the County's plea to the jurisdiction, which was a live pleading at the time of the special-appearance hearing, Dyer argued the trial court had jurisdiction over his PRPRPA claim because the County's condemnation

14

action filed in county court was not a "formal exercise of the power of eminent domain" as it was defective. Accordingly, Dyer argued he could sue the County under PRPRPA and he argued he did so in a timely basis by asserting a counterclaim within 180 days of April 1, 2007, and then amending the counterclaim (after 180 days had expired) to allege a PRPRPA claim against the County.[8]

## C. Dyer's Claims Under Texas Constitution and Declaratory-Judgment Action

The Department and the County do not dispute the trial court's assertion of subject-matter jurisdiction over Dyer's inverse-condemnation claim brought pursuant to article I, section 17 of the Texas Constitution. *See* TEX. CONST. art. I, § 17. But the Department and the County argue the trial court lacked subject-matter jurisdiction over Dyer's claims against them under article I, section 19 of the Texas Constitution because it is an unauthorized claim for money damages. *Id.* art. I, § 19.

There is no cause of action for money damages against the State or a political subdivision of the State under article I, section 19 of the Texas Constitution. *See id.*; *Smith v. City of League City*, 338 S.W.3d 114, 127 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995)). In his petition, Dyer alleges the Department and the County violated his rights under section 19 by taking his land without notice and an opportunity to be heard. Dyer prays for money damages, but does not seek any injunctive relief under article I, section 19.

On appeal, Dyer argues he is not only seeking money damages, but is also seeking a declaratory judgment that his rights under section 19 were violated. In his

---

[8] Dyer first raised his tolling argument at the special-appearance hearing and afterward made the tolling argument in a brief filed in support of Dyer's response to the Department's plea to the jurisdiction.

petition, Dyer also seeks a declaratory judgment that he is entitled to relief on all of his other causes of action alleged against the Department and the County. Dyer also seeks attorney's fees for prevailing in the declaratory-judgment action. But a private party cannot circumvent sovereign immunity from suit by characterizing a suit for money damages as a declaratory-judgment claim. *City of Houston v. Williams*, 216 S.W.3d 827, 828–29 (Tex. 2007); *Tex. Dep't of Transp. v. Crockett*, 257 S.W.3d 412, 417 (Tex. App.—Corpus Christi 2008, pet. denied). Where the Legislature has not consented to a declaratory-judgment action against the State or its political subdivision, there can obviously be no award of attorney's fees for prevailing in the incognizable declaratory-judgment action. *Compare Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) (concluding "that by authorizing declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney fees, the [Declaratory Judgment Act] necessarily waives governmental immunity for such awards"), *with Hagemand/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth*, 150 S.W.3d 617, 727 (Tex. App.—Austin 2004, no pet.) (holding attorney fees in declaratory-judgment action are improper when the declaratory judgment sought is no different than the relief sought by other causes of action in the same suit).

Here, the only alleged injury Dyer complains of has already occurred, leaving him with only one possible remedy—an award of money damages. *See City of Houston*, 216 S.W.3d at 829. Accordingly, the trial court lacked subject-matter jurisdiction over the declaratory-judgment action and the claim under article I, section 19 of the Texas Constitution. *See Smith*, 338 S.W.3d at 127; *City of Houston*, 216 S.W.3d at 829. We

16

sustain the Department and County's first and fifth sub-issues on appeal.   In light of our disposition of the County's fifth sub-issue, we need not reach the County's argument on appeal that Dyer failed to plead a basis for waiver of immunity for his article 1, section 19 claim.

## D. Dyer's Claims Under Title 42, Section 1983 of the United States Code

The Department argues the trial court lacks subject-matter jurisdiction over Dyer's section 1983 claim because the Department is not a "person" under section 1983.   The County argues a section 1983 claim against it is not ripe because Dyer has not exhausted the remedies the State of Texas provides, in particular his inverse-condemnation suit.

### i.   The Department's Section 1983 Argument

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

The Eleventh Amendment to the United States Constitution protects the State of Texas from suit in its own courts for an alleged violation of federal law.   *See* U.S. CONST. amend. XI; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).   A state's eleventh-amendment immunity is not waived for a civil-rights claim based on section

17

1983. *Will*, 491 U.S. at 66–67. While the scope of the Eleventh Amendment and section 1983 are separate issues, the Supreme Court has held that neither the state nor a state official acting in his official capacity is a "person" for purposes of section 1983, and therefore a citizen cannot sue the State pursuant to section 1983. *Id.* at 66, 71. As a result, the trial court lacked subject-matter jurisdiction over Dyer's section 1983 claim against the Department. *See id.*; *see also Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001) (holding suit against highway patrolman in his official capacity was really a suit against the Texas Department of Public Safety which is not a "person" under section 1983); *Jones v. Texas Dep't of Trans.*, 318 S.W.3d 398, 403 (Tex. App.—Waco 2010, pet. denied) (holding Texas Department of Criminal Justice and its employees acting in their official capacity are not "persons" under section 1983). Because attorney's fees for a section 1983 action are only recoverable by a prevailing party and Dyer cannot prevail on his 1983 claim against the Department, the trial court lacked jurisdiction over Dyer's claim for attorney's fees in conjunction with his 1983 claim. *See* 42 U.S.C. § 1988. We sustain the Department's second sub-issue on appeal.

### ii. The County's Section 1983 Argument

Ripeness is a component of subject-matter jurisdiction. Ripeness cannot be waived and may be raised for the first time on appeal. *See Waco Ind. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000) (addressing ripeness in school district's interlocutory appeal even though trial court did not rule on ripeness). Assuming, for the sake of argument only,[9] that Dyer's 1983 claim against the County is premised on an

---

[9] On appeal, the County argues Dyer's pleading is too conclusory to allege a 1983 claim against it because as the County reads his petition, Dyer has not clearly identified the federal right the County has

alleged violation of the "just compensation clause" of the Fifth Amendment to the United States Constitution, we agree with the County that Dyer's 1983 claim against the County is not ripe because Dyer's inverse-condemnation claim against the County has not yet been resolved.

The Fifth Amendment to the United States Constitution prohibits the taking of private property for public use without just compensation, but it does not require payment before the taking occurs. *See* U.S. CONST. amend. V; *Town of Flower Mound v. Stafford Estates, L.P.*, 135 S.W.3d 620, 645 (Tex. 2004). A violation of the Just Compensation Clause may be brought under section 1983. *See Town of Flower Mound*, 135 S.W.3d at 645–46. But if there is an adequate state-law remedy to compensate for the taking of property, a federal claim under the Just Compensation Clause is premature until the aggrieved party has used the state remedy and been denied just compensation. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–95 (1985).

An inverse-condemnation action under article 1, section 17 of the Texas Constitution is an adequate state remedy for seeking just compensation for a taking. *See id.* at 196 (holding federal just-compensation claim was premature when property owner had not yet used Tennessee's inverse-condemnation statute to obtain relief); *Town of Flower Mound*, 135 S.W.3d at 646 (holding inverse-condemnation claim under article 1, section 17 of Texas Constitution provided just compensation for taking and

---

allegedly violated. *See City of Dallas v. Saucedo-Falls*, 268 S.W.3d 653, 659 (Tex. App.—Dallas 2008, pet. denied) (explaining section 1983 does not create substantive rights, but provides a remedy for violation of a federal right created elsewhere). Under the facts of this case, it is not necessary to the disposition of this case for this Court to reach the merits of this contention. *See* TEX. R. APP. P. 47.1.

therefore precluded federal just-compensation claim using section 1983); *see also Severance v. Patterson*, 566 F.3d 490, 496–500 (5th Cir. 2009) (holding federal takings claim unripe under *Williamson County* because owner had not yet used Texas state remedies to challenge physical takings); *Guetersloh v. State,* 930 S.W.2d 284, 287–88 (Tex. App.—Austin 1996, writ denied) (discussing possibility of bringing state and contingent federal claims for just compensation in a single lawsuit as to avoid risk of forfeiting federal claim by claim preclusion).   Accordingly, Dyer's 1983 claim is not yet ripe for review in the trial court because he has not been denied just compensation in his inverse-condemnation suit against the County under article 1, section 17 of the Texas Constitution.   Because attorney's fees for a section 1983 action are only recoverable by a prevailing party and Dyer cannot prevail on an unripe 1983 claim, the trial court lacked jurisdiction over Dyer's claim for attorney fees in conjunction with his 1983 claim.   *See* 42 U.S.C. § 1988.   We sustain the County's second sub-issue.

### E.  Dyer's Attorney's-Fees Claims

As set forth above, Dyer's claims for attorney's fees under section 1983, PRPRPA, and his declaratory-judgment action fail for lack of subject-matter jurisdiction.   In his petition, Dyer also seeks attorney's fees generally under the laws of Texas and the United States.   Because the only claim over which the trial court had subject-matter jurisdiction is Dyer's inverse-condemnation claim and attorney's fees are not recoverable for an inverse-condemnation claim, the trial court lacks subject-matter jurisdiction over Dyer's claims for attorney's fees.   *See State v. Biggar,* 848 S.W.2d 291, 298 (Tex. App.—Austin 1993), *aff'd*, 873 S.W.2d 11 (Tex. 1994) (holding attorney's fees are not available for

20

prevailing on inverse-condemnation claim). We sustain the Department and the County's sixth sub-issue.

## V. CONCLUSION

Having sustained the Department and County's respective issues, including all sub-issues, we conclude the trial court lacked subject matter jurisdiction over all of Dyer's claims challenged on appeal. We reverse the trial court's respective orders denying the Department and the County's pleas to the jurisdiction and render judgment dismissing all of Dyer's claims with prejudice,[10] except for Dyer's inverse-condemnation claims, which are not challenged on appeal.

_____
Gregory T. Perkes
Justice

Delivered and filed the
31st day of August, 2011.

---

[10] *See Harris County*, 136 S.W.3d at 639 (holding dismissal should be with prejudice when plaintiff has been afforded reasonable opportunity to amend its pleading after governmental entity filed plea to the jurisdiction and plaintiff still does not allege facts that would constitute a waiver of immunity).

21