

NUMBER 13-11-003-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KENNETH HICKMAN-BEY,                                        Appellant,

v.

AKBAR SHABAZZ, ET AL.,                                        Appellees.

On appeal from the 343rd District Court
of Bee County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Vela

This appeal is brought by Kenneth Hickman-Bey, appellant, from an order granting summary judgment in favor of appellees, the Texas Department of Criminal Justice ("TDCJ") and Akbar Shabazz ("Shabazz"). By his appellate issues, Hickman-Bey

argues that the trial court erred in granting appellees' summary judgment motion because the evidence appellees presented was false and misleading and the evidence he submitted in response created a fact issue; TDCJ was a proper party to the suit seeking declaratory judgment; Hickman-Bey's suit was properly brought pursuant to 42 United States Code section 1983, appellee Shabazz was not entitled to qualified immunity; and Hickman-Bey was entitled to a declaratory judgment. We affirm.

## I. BACKGROUND

Appellant, Kenneth Hickman-Bey is an inmate in the TDCJ, presently housed in the McConnell Unit in Beeville. Hickman-Bey filed a petition for injunction and declaratory relief against TDCJ and Shabazz, an Islamic chaplain employed by TDCJ. Hickman-Bey claimed that appellees violated his First Amendment right to freely practice his religion, his Eighth Amendment right to be free from cruel and unusual punishment, and his right to due process under the Fourteenth Amendment. He also sought declaratory relief asking the trial court to declare that the use of Muslim inmate coordinators violates section 500.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 500.001 (West 2004).

The gravamen of Hickman-Bey's claim is that while he was housed in the Stringfellow Unit of TDCJ in early 2009, a Muslim inmate coordinator wrongfully prevented him from attending Islamic services and programs. Hickman-Bey claimed that he submitted a grievance to Shabazz, who ignored his concerns. Hickman-Bey then filed a grievance against Shabazz, alleging that Shabazz had used profanity. Hickman-Bey was ultimately successful with respect to his grievance against the inmate

2

coordinator. About a month later, Hickman-Bey was transferred to the McConnell Unit of the TDCJ, which he claims was in retaliation for his earlier-filed grievances. The Muslim inmate coordinator was also transferred. Appellees were granted a summary judgment.

## II. STANDARD OF REVIEW

We review a trial court's grant of a traditional motion for summary judgment under a de novo standard of review. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (*citing Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *see also Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.—Corpus Christi 2003, no pet.). To prevail on a summary judgment motion, a moving party must establish that no genuine issue of material fact exists and judgment should be granted as a matter of law. *Shah v. Moss,* 67 S.W.3d 836, 842 (Tex. 2001). In deciding whether there is a genuine issue of material fact, we resolve any doubt against the movant, view the evidence in a light most favorable to the non-movant, and take as true evidence favorable to the non-movant. *Id.*; *see Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (*citing Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985)).

## III. ANALYSIS

### A. Retaliation

By issues one and eight, Hickman-Bey argues that the trial court erred in granting summary judgment in appellees' favor because he was retaliated against for filing a grievance. It is established that prison officials may not retaliate against an inmate for properly exercising his or her rights. *See Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To prevail on a section 1983 retaliation claim, an inmate must be able to

establish: (1) a specific constitutional right; (2) the defendant's intent to retaliate against him for exercising that right; (3) a retaliatory adverse act; and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Retaliation against a prison inmate is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) (adopting the de minimis standard in retaliation claims because it achieves proper balance between the need to recognize valid retaliation claims and danger of courts "embroiling themselves in every disciplinary act that occurs in state penal institutions"). The Fifth Circuit Court of Appeals has called the burden placed upon the inmate to establish retaliation "significant." *Woods*, 60 F.3d at 1166. The reason for the heightened burden is that "[t]he prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties." *Id.*

Here, the evidence before the trial court established that Hickman-Bey was transferred to a new unit for the purpose of preventing violence at the Stringfellow Unit. The evidence reflected that Hickman-Bey and another offender instigated a feud with respect to different faiths within the Islamic community. There was evidence admitted of an ongoing disagreement regarding the religious teachings of the Sunnis versus the Shiites. Both offenders were transferred for security reasons. There was also evidence submitted that Hickman-Bey is a confirmed gang member.

In response, Hickman-Bey submitted exhibits that consisted of a complaint in which he sought corrective action regarding the authority given to inmates. The record reflects that Hickman-Bey filed a grievance against an inmate coordinator and was

4

successful in his grievance. Both Hickman-Bey and the Muslim inmate coordinator were transferred for the legitimate purpose of maintaining security. Hickman-Bey's responsive evidence does not show any retaliatory motive on the part of appellees. The evidence submitted by appellees establishes a legitimate reason for the transfer and nothing Hickman-Bey submitted in response created a fact issue. We overrule issues one and eight.

### B. Freedom of Religion

By issues four and five, Hickman-Bey claims that he was denied access to observe his religious practices. The evidence in support of appellees' summary judgment motion showed that while Hickman-Bey was at the Stringfellow Unit, he missed services on only two occasions, February 6, 2009 and February 13, 2009. His attendance records showed that he attended services January 2, 9, 16, 23, February 20, 27, and March 6. He was transferred to the McConnell Unit on March 12, 2009. After he was transferred, the records reflect that he did not attend services until May 26, 2010.

Hickman-Bey seems to argue in his brief that he was denied his right to attend services. He includes, as summary judgment evidence, a response to a grievance he apparently filed in September 2009, approximately six months after he was transferred. Apparently, he was not allowed to participate in Ramadan because he had not attended Jumah regularly for sixty days prior to Ramadan. There is nothing in the record to suggest that Hickman-Bey was prohibited from attending Jumah during that six month period, and the record reflects that he regularly attended services prior to transfer. The summary judgment evidence establishes that Hickman-Bey participated in services

5

before his transfer and that he did not regularly attend after transfer and was not able to attend holy day services because he had not complied with Chaplaincy Manual 06.02, requiring offenders to regularly attend Jumah sixty days prior to Ramadan. He has not raised a fact issue. We overrule issues four and five.

### C. Declaratory Relief

Hickman-Bey argues by his second and seventh issues that TDCJ is a proper party to the suit because he is seeking a declaration that TDCJ's policy of allowing Islamic inmate coordinators violates section 500.001 of the Texas Government Code, which provides:

> (a) An inmate housed in a facility operated by the department or under contract with the department may not act in a supervisory or administrative capacity over another inmate.
>
> (b) An inmate housed in a facility operated by the department or under contract with the department may not administer disciplinary action over another inmate.

TEX. GOV'T CODE ANN. § 500.001 (a)–(b). He also complains by these issues that TDCJ is a proper party to the declaratory judgment action.

A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Id.* If declaratory relief will not terminate a controversy between parties and would be irrelevant at the time judgment is rendered, a declaratory judgment will amount to no more than an

advisory opinion, which the trial court lacks power to provide. *Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253, 259 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

The summary judgment evidence established that TDCJ maintains a policy for the selection and approval of Muslim offender coordinators. They assist the chaplains and facilitate communication within the Islamic community. The chaplaincy department does not allow offenders to act in a supervisory or administrative position. If they are caught abusing their positions, they are disciplined and removed. In fact, here the coordinator who Hickman-Bey complains about was disciplined and removed. On its face, the TDCJ policy is clear that it does not allow for inmates to exercise authority over other inmates. The summary judgment evidence shows that there is no justiciable controversy to be decided by declaratory judgment. Thus, we need not consider whether TDCJ is a proper party to the declaratory judgment action. We overrule issues two and seven.

### D. TDCJ as a Party

By his third issue, Hickman-Bey argues in two sentences that governmental agencies may be sued for constitutional "deprivations brought about by customs." The United States Supreme Court has held that a State is not a "person" under title 42, section 1983 of the United States Code. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, a state governmental unit is not subject to section 1983 claims. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001); *see also Hidalgo County v. Dyer* __ S.W.3d___, 2011 WL 3850024, at *9 (Tex. App.—Corpus Christi Aug. 31, 2011, no pet.). Accordingly, TDCJ was not a proper party to Hickman-Bey's section 1983 claims, and the trial court did not err. *See Petta*, 44 S.W.3d at 581. We overrule issue

7

three.

**E. Immunity**

By Hickman-Bey's sixth issue, he urges that appellee Shabazz is not entitled to qualified immunity because Shabazz violated his first amendment right of the free exercise of religion. We have previously held that appellees established as a matter of law that Hickman-Bey's constitutional right to practice his religion was not infringed upon. Thus we do not decide whether or not Shabazz was entitled to immunity. *See* TEX R. APP. P. 47.1. We overrule issue six.

## IV. MOTIONS

During the pendency of this appeal, Hickman-Bey filed a motion objecting to the clerk's record and motion relating to information in the record, a motion to strike the clerk's record, and a motion for judicial notice of a motion to strike clerk's record on appeal. The first two were carried with the case. In his first and second motions, he objects that the record did not contain his response to the defendant's motion for summary judgment, his objections, and his "critical pleadings." We note that Hickman-Bey's response, amended response, and objections appear in the amended clerk's record that was filed in this Court on June 27, 2011. In his most recent motion, he asks the Court to take judicial notice of the record. This Court has reviewed all documents filed in this Court, which include the documents in the amended clerk's record and supplements to the clerk's record. Because we have received all documents complained of in Hickman-Bey's motions and they are properly a part of the record, we dismiss his motions as moot.

## V. CONCLUSION

Having overruled all of Hickman-Bey's issues, we affirm the judgment of the trial court.

ROSE VELA
Justice

Delivered and filed the
6th day of October, 2011.