

# NUMBERS 13-12-00579-CV & 13-12-00622-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MALCOLM G. DYER,**                                                  **Appellant,**

**v.**

**HIDALGO COUNTY, TEXAS,**                                         **Appellee.**

---

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Malcolm G. Dyer ("Dyer") appeals two trial court orders granting appellee

Hidalgo County's pleas to the jurisdiction. The trial court's first order granted the County's

second plea to the jurisdiction which challenged Dyer's breach-of-contract claim.[1] The

---

[1] In appellate cause 13-12-00622-CV, Dyer appeals the trial court's August 31, 2012 order granting the County's second plea to the jurisdiction (concerning Dyer's breach-of-contract claim). In appellate cause

second order granted the County's third plea to the jurisdiction which challenged Dyer's fraud and conspiracy claims. We affirm the trial court's orders granting the County's pleas to the jurisdiction.

## I. BACKGROUND

As set forth in *Hidalgo County v. Dyer*, 358 S.W.3d 698, 703 (Tex. App.—Corpus Christi 2011, no pet.) ("*Dyer I*"), the underlying facts are as follows. In May 2006, the County filed a condemnation action in county court to acquire fee title to approximately 1.48 acres of land Dyer owned in Hidalgo County, Texas.[2] The County sought the land for purposes of expanding Jackson Road in Hidalgo County.[3] On or about April 1, 2007, the Texas Department of Transportation and the County entered and took possession of Dyer's property. According to Dyer, the Department and the County started storing equipment on his land, destroyed access to one parcel of his land without ever restoring it, and diminished his income from mining soil on his land.

In *Dyer I*, this Court held that the County's first plea to the jurisdiction should have been granted, and rendered judgment dismissing all of Dyer's claims with prejudice, except for his inverse-condemnation claim. The inverse-condemnation claim was not before us because it was not jurisdictionally challenged in the trial court. *See Dyer I*, 358 S.W.3d at

---

13-12-00579-CV, Dyer appeals the trial court's September 6, 2012 order granting the County's third plea to the jurisdiction (concerning Dyer's fraud and conspiracy claims). The two appeals arise from the same trial proceeding and have been consolidated on appeal. Although there is a different record in each appeal, in the interest of judicial economy, we will address appellant's claims in a single opinion.

[2] The County's condemnation action was trial court cause CCD-1484-E in County Court at Law Number Five, Hidalgo County, Texas.

[3] As set forth in *Dyer I*, by agreement, the County was responsible for initiating and implementing condemnation proceedings for acquisition of Dyer's property, and the Texas Department of Transportation was to reimburse the County for the cost of acquiring the right-of-way.

711. Accordingly, we rendered judgment dismissing Dyer's respective claims under: (1) article 1, section 19 of the Texas Constitution; (2) title 42, section 1983 of the United States Code; and (3) the Texas Private Real Property Rights Preservation Act (chapter 2007 of the Texas Government Code) ("PRPRPA"); and (4) the respective claims for trespass, declaratory judgment, and attorney's fees. *Id.* at 704–11.

Dyer filed an amended petition in the trial court, alleging that a settlement agreement had been reached with the County, but that the County breached the settlement agreement by prosecuting its appeal in *Dyer I.* Dyer further amended his petition to add claims of fraud and conspiracy, alleging that the County engaged in fraud and civil conspiracy by its failure to honor the alleged settlement agreement.

A copy of an unsigned Rule 11[4] agreement dated July 28, 2010, is attached to the amended petition. It is undisputed that an attorney for the County, Rex Leach, drafted the proposed Rule 11 agreement which purported to settle the litigation and that it was addressed to Dyer's trial counsel, James William ("J.W.") Dyer, for signature and return.[5] During the hearing on the plea to the jurisdiction, J.W. Dyer testified that he received the Rule 11 letter "and because it had been accepted, [he] saw no need to sign it and file it with the Court." He expected the County "would honor the agreement" even if the Rule 11 agreement was not signed and filed as part of the record. The County, however, denies ever reaching a final enforceable settlement agreement.

---

[4] *See* TEX. R. CIV. P. 11.

[5] J.W. Dyer unexpectedly passed away on June 29, 2013, during the pendency of this appeal.

The County filed a plea to the jurisdiction asserting immunity with respect to Dyer's claim for breach of the alleged settlement agreement. The County also filed a plea to the jurisdiction with respect to Dyer's fraud and conspiracy claims. Both pleas to the jurisdiction were granted[6] and these interlocutory appeals ensued.[7]

## II.  ISSUES PRESENTED

Dyer presents the following five issues for review:

1. Did the County waive immunity for Dyer's breach of contract claim by entering into a settlement agreement that included settlement for an underlying claim for which immunity was waived?

2. Did the County demonstrate an incurable defect in Dyer's pleadings?

3. Did the County prove that there was no issue of disputed material fact to be determined by a trier of fact on the existence of the settlement contract?

4. Is Dyer entitled to attorney's fees on his breach of contract claim for the County's alleged breach of the settlement agreement?

5. Was Dyer's PRPRPA claim filed in county court dismissed in *Dyer I*?

## III.  STANDARD OF REVIEW

To render a binding judgment, a court must have both subject-matter jurisdiction over the controversy and personal jurisdiction over the parties. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010). A plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864,

---

[6]  The County also filed a motion for summary judgment with respect to Dyer's inverse-condemnation claim that was not previously ruled upon in *Dyer I*. The trial court granted the motion. The summary judgment is not part of the instant appeals.

[7]  This Court has jurisdiction to hear an interlocutory appeal from an order granting a governmental unit's plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008); *see also id.* § 101.001 (West 2005) (defining "governmental unit" so as to include the County); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007); *Hidalgo County v. Gonzalez*, 128 S.W.3d 788, 791 (Tex. App.—Corpus Christi 2004, no pet.).

4

867 (Tex. 2002); *State of Tex. Parks & Wildlife Dept. v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.).

A plea to the jurisdiction is a dilatory plea; its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Dyer I*, 358 S.W.3d at 703. In deciding a plea to the jurisdiction, a court may not weigh the merits of the causes of action, but must consider only the plaintiff's pleadings and any evidence in the record pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002*)*; *City of Laredo v. Nuno*, 94 S.W.3d 786, 788 (Tex. App.—San Antonio 2002, no pet.).

An order denying a plea to the jurisdiction based on governmental immunity is reviewed de novo*. See, e.g., Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). If a plea to the jurisdiction challenges the pleadings, the reviewing court must construe the pleadings liberally in favor of the plaintiff. *Id.* at 226. If the plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider relevant evidence submitted by the parties. *Id.* at 227. A court must take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 228. If the evidence creates a fact question regarding jurisdiction, the trial court cannot grant the plea, and the fact issue must be resolved by the fact-finder. *Id.* at 227–28.

If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be afforded the opportunity to amend its pleadings. *Id.* at 226–27. However, a plea to the jurisdiction may be granted without allowing the plaintiff to amend the

5

pleading if the pleading affirmatively negates the existence of jurisdiction. *Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867.

## IV. ANALYSIS

### A. ALLEGED BREACH OF SETTLEMENT AGREEMENT

By his third issue, Dyer argues a fact issue exists regarding whether there is an enforceable settlement agreement between Dyer and the County. In its plea to the jurisdiction, the County argued that the purported settlement agreement was indivisible as to immunity-barred claims and Dyer's inverse-condemnation claim, and thus, it was not enforceable. At the hearing on the plea to the jurisdiction, the County also argued that Dyer had the burden of showing an enforceable settlement agreement, and that Dyer did not meet its burden with the unsigned Rule 11 agreement which Dyer alleged and attached to his petition.

In *Miranda*, the plaintiff pleaded a gross-negligence claim. *Miranda*, 133 S.W.3d at 232. The Texas Supreme Court opined that the evidence adduced on the Department's plea to the jurisdiction showed, as a matter of law, that the Department was not grossly negligent. *Id.* The Supreme Court held that there was no fact issue and that the trial court lacked subject-matter jurisdiction over the gross-negligence claim. *Id.* The Supreme Court summarized its holding as follows:

> We conclude that the evidence in the record establishes that the Department was not grossly negligent and that the Mirandas have failed to raise a fact question regarding the Department's alleged gross negligence. The Mirandas fall short of satisfying the requirements for the Legislature's limited grant of a waiver of sovereign immunity from suit under the applicable statutes. Therefore, the trial court lacked subject matter jurisdiction.

*Id.*

6

Dyer pleaded a breach-of-contract claim against the County for its alleged breach of a settlement agreement. The evidence, however, shows that there is not an enforceable settlement agreement between the parties. As a result, the trial court correctly granted the County's plea to the jurisdiction on Dyer's breach-of-contract claim. *See id.*

Rule 11 of the Texas Rules of Civil Procedure provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. Rule 11 applies to settlement agreements. *See Kennedy v. Hyde*, 682 S.W.2d 525, 530 (Tex. 1984); *Roeglin v. Daves*, 83 S.W.3d 326, 331–32 (Tex. App.—Austin 2002, pet. denied); *see also Lumbreras v. Rocha*, No. 13–06–429–CV, 2008 WL 4096415, at *3 (Tex. App.—Corpus Christi Aug. 29, 2008, no pet.) (mem. op.) (concluding "[t]he parties' [settlement] agreement, if any, did not comply with rule 11 and was not enforceable").

Dyer's alleged breach-of-contract claim is premised on an unsigned, unfiled Rule 11 agreement, which is unenforceable, as a matter of law. *See Hyde*, 682 S.W.2d at 530; *Daves*, 83 S.W.3d at 331–32. At the hearing on the plea to the jurisdiction, Dyer's counsel unequivocally testified that he never signed the proposed Rule 11 agreement the County's attorney sent to him. Dyer's counsel also testified that the Rule 11 agreement was not filed with the trial court as part of the record. On this record, there is no fact issue regarding whether Dyer and the County reached an enforceable settlement agreement.

Dyer relies on the Texas Supreme Court's plurality opinion in *Texas A&M University-Kingsville v. Lawson* to argue that the County's immunity from suit for breach of

7

contract does not turn on the validity of the underlying settlement agreement. *See* 87 S.W.3d 518, 518 (Tex. 2002). In *Lawson*, a plurality of the Court held that if a government entity agrees to settle a lawsuit from which it is not immune, it cannot claim immunity for breach of the settlement agreement. *Id.* In *Lawson*, sovereign immunity barred all of the plaintiff's claims, with the exception of a whistleblower claim. *Id.* at 519. The parties settled. *Id.* Later, the plaintiff brought a second lawsuit, claiming the university breached the settlement agreement by allegedly failing to misstate Lawson's former position with the University to prospective employers. *Id.* The University took an interlocutory appeal asserting immunity. *Id.* A plurality of the supreme court held that "having waived immunity from suit in the Whistleblower Act, the State may not now claim immunity from a suit brought to enforce a settlement agreement reached to dispose of a claim brought under the Act." *Id.* at 523. In explaining its decision, the *Lawson* plurality noted that its ruling did not turn on whether the alleged provision in the underlying settlement agreement—requiring the University to misstate Lawson's former position to prospective employers—was void. *Id.*

Dyer's reliance on *Lawson* is misplaced for at least two reasons. First, as a plurality opinion, *Lawson* has no precedential value. *See Univ. of Tex. Med. Branch v. York,* 871 S.W.2d 175, 177 (Tex. 1994) (explaining plurality opinions are "not authority for determination of other cases, either in [the supreme court] or lower courts"). Second, *Lawson* is factually distinguishable because the plurality explained that it could not determine the validity of the settlement agreement in the case's then-current procedural posture—"[n]o evidence or argument on the validity of the agreement was offered in the trial court" and the issue remained for further determination on remand. *Lawson*, 87 S.W.3d at

8

523.  In the instant case, however, the record shows that the settlement agreement is unenforceable, as a matter of law.  *See Miranda*, 133 S.W.3d at 232.

We overrule Dyer's third issue on appeal.  In light of our disposition of Dyer's third issue, we need not reach the merits of Dyer's first, second, and fourth issues on appeal.[8]  *See* TEX. R. APP. P. 47.1.

## B.  DYER'S PRPRPA CLAIM

By his fifth issue, Dyer challenges the trial court's order granting the County's third plea to the jurisdiction, which pertains to Dyer's fraud and conspiracy claims.  Dyer states in his brief, however, that he "does not contest the Order . . . to the extent it asserts immunity to Dyer's fraud and conspiracy claims . . . ."  Rather, Dyer again complains on appeal about the claim that he brought under PRPRPA.  Most specifically, he disputes the following statement in the County's third plea to the jurisdiction:  "Plaintiff's cause of action pursuant to . . . [PRPRPA] fails because the plaintiff did not file his lawsuit within 180 days from the date that he knew or should have known of the defendant's action."  Dyer appears to be arguing that the PRPRPA claim that he earlier filed in county court, prior to the claims consolidation in district court, survived this Court's decision in *Dyer I*.

Dyer's fifth issue lacks merit because this Court fully addressed Dyer's PRPRPA claim in *Dyer I*.  In *Dyer I* we acknowledged that Dyer's claims that were filed in county court

---

[8]  By his first through fourth issues, collectively, Dyer challenges the trial court's rulings regarding the County's alleged breach of the settlement agreement. By his first issue, Dyer argues the trial court erred by granting the County's plea to the jurisdiction on his breach-of-contract claim.  He contends the County waived immunity for Dyer's breach of contract claim by entering into a settlement agreement that included settlement for an underlying claim for which immunity was waived—namely, Dyer's inverse-condemnation claim.  By his second issue, Dyer argues the County did not demonstrate an incurable defect in Dyer's pleadings.  By his fourth issue, Dyer argues he is permitted to seek attorney's fees associated with his breach-of-contract claim under Texas Civil Practice and Remedies Code section 38.001.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008).

were consolidated with his district-court claims upon their transfer to the district court. *Dyer I*, 358 S.W.3d at 702 n.5.[9] We thereafter addressed Dyer's PRPRPA claim against the County (then pending in the district court), holding the trial court lacked jurisdiction over the PRPRPA claim because Dyer failed to timely assert the claim in *district* court. *See id.* at 707–08. In *Dyer I*, we reversed and rendered judgment dismissing Dyer's PRPRPA claim against the County with prejudice. As such, Dyer's PRPRPA claim did not survive in this litigation—notwithstanding his new argument that it is a divisible claim that was not allegedly not addressed in *Dyer I*. *See id.* at 711. We overrule Dyer's fifth issue on appeal.

## V. CONCLUSION

We affirm the trial court's respective August 31, 2012 and September 6, 2012 orders granting the County's pleas to the jurisdiction.

Gregory T. Perkes
Justice

Delivered and filed the
4th day of October, 2013.

---

[9] Both the County's filing of its motion to dismiss and the order thereon, which were at issue in *Dyer I*, occurred after the consolidation of the claims in the District Court.

10