ECTOR COUNTY, Appellant,

v.

Danny BREEDLOVE and Diane Breedlove, Appellees.

No. 11–03–00356–CV.

Court of Appeals of Texas, Eastland.

Nov. 4, 2004.

Denis Dennis, Rush, Kelly, Morgan, Dennis, Corzine & Hansen, P.C., Odessa, TX, for appellant.

Steve Brannan, Odessa, TX, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

TERRY McCALL, Justice.

After heavy rains in October 2000, Danny and Diane Breedlove's home was flooded. They sued Ector County, claiming that (1) Ector County, in performing its road and ditch work, negligently increased the grade near their home to the extent that water would not drain away from their residence, (2) Ector County negligently installed drainage culverts near other properties and failed to place a culvert near their property, (3) Ector County's right-of-way and drainage ditches constituted a premises defect, and (4) Ector County employees' negligent operation and use of motor-driven vehicles or motor-driven equipment proximately caused the flooding to the Breedlove home.

The trial court granted Ector County's plea to the jurisdiction with regard to the Breedloves' claims of negligence in performing road and ditch grade work, negligence in installing or failing to install drainage culverts, and premises defect. The trial court denied Ector County's plea with regard to the Breedloves' claim that their flood injury arose from Ector County's operation or use of motor-driven equipment. Ector County filed this interlocutory appeal from that denial.[1] We reverse and render judgment for Ector County, dismissing the Breedloves' claim.

### Standard of Review

■ Governmental immunity from suit defeats a court's subject matter jurisdiction. *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Whether a court has subject matter jurisdiction is a legal question that we review de novo. *State ex rel. State Department of Highways and Public Transportation v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002).

■ The instances in which our legislature has waived sovereign immunity are limited and are narrowly defined. *Texas Department of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). A plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Id.* at 587. To determine if the plaintiff has met that burden, we look to the facts alleged by the plaintiff and any evidence relevant to the jurisdictional issue. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002); *Bland Independent School District v. Blue*, 34 S.W.3d 547, 555 (Tex.2000). We view the petition in favor of the plaintiff, taking all allegations as true and construing them in favor of the plaintiff. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex.1993).

### Sovereign Immunity and the Tort Claims Act

In the Texas Tort Claims Act, the legislature has provided a limited waiver of liability and suit in certain circumstances for torts committed by the government.

---

1. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp.2004–2005).

*See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021–101.029 (Vernon 1997 & Pamph. Supp.2004–2005). Section 101.021 of the Texas Tort Claims Act provides that a governmental unit in this state is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

>> (A) the property damage, personal injury, or death *arises from the operation or use* of a motor-driven vehicle or motor-driven equipment; and

>> (B) the employee would be personally liable to the claimant according to Texas law; and

> (2) personal injury and death so caused *by a condition or use* of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. (Emphasis added)

The Breedloves contend that Ector County employees were negligent in their "use" of motor-driven equipment in performing road and ditch grade work near their property and that, therefore, governmental immunity was waived under Section 101.021(1)(A). Ector County responds by pointing out that there was no motor-driven equipment near the Breedloves' property at the time of the flooding, that the last work by Ector County near the Breedloves' property was done two years before the flooding, and that the "use" of motor-driven equipment only created a condition that made the flooding possible. Citing *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339,

343 (Tex.1998), Ector County argues that the use of motor-driven equipment did not cause injury within the meaning of Section 101.021(1) because it did no more than furnish the condition that made the Breedloves' injury possible.

■ The Tort Claims Act does not define "use." In both "use of motor-driven equipment" cases and "use of property" cases, the supreme court has given the word "use" its ordinary meaning and held that there must be a direct nexus between the operation or use of the motor-driven equipment (or use of the government's property) and plaintiff's alleged damages.[2] As the supreme court stated in *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex.2003):

> We have consistently required a nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries. *See, e.g., White*, 46 S.W.3d at 869; *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex.1992)("The phrase 'arises from' requires a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle or piece of equipment."); *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex.1987). This nexus requires more than the mere involvement of property. *See generally Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998). Rather, "the [vehicle]'s use must have actually caused the injury." *White*, 46 S.W.3d at 869 (citing *Bossley*, 968 S.W.2d at 342–43). Thus, as with the condition or use of property, the operation or use of a motor vehicle

---

**2.** See Justice Hecht's concurring opinion in *Texas Department of Criminal Justice v. Miller, supra* at 589, where he pointed out that *Miller* was the sixteenth case in which the supreme court had tried to determine whether plain-

tiff's injury or death had arisen from the government's use of property so that the plaintiff's claim for damages was within the Act's waiver of sovereign immunity.

"does not cause injury if it does no more than furnish the condition that makes the injury possible." *Bossley,* 968 S.W.2d at 343.

*Whitley* made it clear that the supreme court requires a direct nexus between the "use" of motor-driven equipment and the plaintiff's injury, just as *Bossley* mandated that there be a direct nexus between the "use" of tangible personal or real property and the plaintiff's injury. The use of motor-driven equipment or the use of property does not cause injury if it does no more than furnish the condition that made the injury possible.

■ Although the Breedloves attempted to bring their claim within the waiver of Section 101.021(1)(A) by phrasing their claim in terms of Ector County's "use" of motor-driven equipment, Ector County's use of motor-driven equipment only furnished the condition-the increased grade and misplacement of culverts—that caused the flooding of their home. The use of the motor-driven equipment did not cause the Breedloves' injury within the meaning of the waiver language in Section 101.021(1)(A). *Texas Department of Transportation v. Curry,* No. 10–03–00210–CV, 2004 WL 2009386 (Tex.App.-Waco, September 8, 2004, no pet'n h.)(memorandum opinion); *Hunt County v. Dallas, Garland and Northeastern Railroad,* No. 05–03–01587–CV, 2004 WL 1178609 (Tex.App.-Dallas, May 28, 2004, no pet-n)(memorandum opinion).

### This Court's Ruling

We reverse the trial court's order denying Ector County=s plea to the jurisdiction and render a judgment of dismissal.