Opinion issued July 7, 2005











     







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00901-CV




GALVESTON RACQUET CLUB, INC., Appellant

V.

CITY OF GALVESTON, Appellee




On Appeal from the County Court at Law No. 2
Galveston County, Texas
Trial Court Cause No. 49,500




O P I N I O N
          In this appeal, Galveston Racquet Club, Inc. (the Club), contends that the trial
court erred by granting a plea to the jurisdiction in favor of appellee, the City of
Galveston (the City). The Club asserts that the City’s governmental immunity from
suit was waived under the Tort Claims Act because the property damage it sustained
arose “from the operation or use of . . . motor-driven equipment.” See Tex. Civ.
Prac. & Rem. Code Ann. §§ 101.021(1)(A); 101.0215(a)(11), (32); 101.025 (Vernon
2005). The parties do not dispute that the water pumps may constitute motor-driven
equipment under the Tort Claims Act. See Tex. Natural Res. Conservation Comm’n
v. White, 46 S.W.3d 864, 868 (Tex. 2001). Their disagreement concerns the narrow
question whether the pleadings demonstrate that the damage arose “from the
operation or use of . . . motor-driven equipment,” i.e. whether there is a nexus
between the operation or use of the water pump and the alleged damage to the Club’s
property caused by water that leaked through the broken water pipes. We affirm the
trial court’s order granting the City’s plea to the jurisdiction.


 
Factual and Procedural Background
          The Club’s First Amended Original Petition alleged that in August 2001, the 
ground beneath its tennis courts and parking lot caved in due to water that leaked
from “deteriorated,” “unmaintained,” and “worn out” water lines that ran beneath its
property. The petition asserted that these water lines leaked because the City used
motor-driven pumps to pressurize water into these water lines, and “subject[ed the
lines] to substantial, continuous, pump-driven water flow.”


 In its plea to the
jurisdiction, the City asserted that the Club failed to demonstrate a nexus between the
use or operation of the water pumps and the cavitation of the ground that caused the
property damage. The City contends that the water pumps did no more than furnish
the condition that made the alleged property damage possible.



Waiver of Governmental Immunity
          In a suit against a governmental unit, the plaintiff must affirmatively
demonstrate the court’s subject-matter jurisdiction by alleging a valid waiver of
immunity. Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).
To determine whether the plaintiff has met that burden, we consider the facts alleged
by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence
submitted by the parties. Id. (quoting White, 46 S.W.3d at 868). “[I]f the pleadings
affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may
be granted without allowing the plaintiff an opportunity to amend.” County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). Because immunity from suit
defeats a trial court’s subject-matter jurisdiction, immunity from suit may properly be
asserted in a plea to the jurisdiction. See Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 225–26 (Tex. 2004). 
          We review a trial court’s ruling on a jurisdictional plea de novo, construing the
pleadings in the plaintiff’s favor and looking to the pleader’s intent. Id. at 226; Tex.
Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). 
Whether the pleader has alleged facts that affirmatively demonstrate subject-matter
jurisdiction is a legal question that we review de novo. Miranda, 133 S.W.3d at 226.
          Because waterworks, and water and sewer services are governmental functions,
the City, a governmental unit, is generally immune from liability for the Club’s
damages unless that immunity has been waived by the Tort Claims Act. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 101.021; 101.021(1)(A); 101.0215(a)(11), (32);
101.025 (Vernon 2005). The Tort Claims Act provides, as follows:
          A governmental unit in the state is liable for:
(1)property damage, personal injury, and death proximately
caused by the wrongful act or omission or the negligence
of an employee acting within his scope of employment if:
 
(A)the property damage, personal injury, or death arises
from the operation or use of a motor-driven vehicle
or motor-driven equipment; and
 
(B)the employee would be personally liable to the
claimant according to Texas law; and
 
(2)personal injury and death so caused by a condition or use
of tangible personal or real property if the governmental
unit would, were it a private person, be liable to the
claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021. 
          For the government’s waiver of immunity from liability under the Act to apply,
the supreme court has consistently required a nexus between the operation or use of
the motor-driven equipment and a plaintiff’s injuries. Whitley, 104 S.W.3d at 543;
White, 46 S.W.3d at 869; LeLeaux v. Hamshire–Fannett Indep. Sch. Dist., 835
S.W.2d 49, 51 (Tex. 1992). This nexus requires more than mere involvement of
property. Dallas County Mental Health & Mental Retardation v. Bossley, 968
S.W.2d 339, 343 (Tex. 1998). Rather, “the equipment’s use must have actually
caused the injury.” White, 46 S.W.3d at 869. Thus, the operation or use of motor-driven equipment “does not cause injury if it does no more than furnish the condition
that makes the injury possible.” Bossley, 968 S.W.2d at 343. 
          The Club contends that the property damage was caused by the cavitation of
ground underneath the Club’s property due to water that leaked from “deteriorated,”
“unmaintained,” and “worn out” water lines. Although the use or operation of the
water pump caused substantial water to flow into the water line and caused the water
to pressurize, the alleged damage to the Club’s property was a result of the cavitation
of the ground. The damage was caused by the condition created by the water
pump—the pressurized, substantial water flow into “deteriorated,” “unmaintained,”
and “worn out” water lines—rather than the actual use or operation of the water
pump, as required for the waiver of governmental immunity under the Tort Claims
Act. See Bossley, 968 S.W.2d at 343 (stating that operation or use of motor-driven
equipment “does not cause injury if it does no more than furnish the condition that
makes the injury possible.”); Ector County v. Breedlove, 2004 WL 2549146 (Tex.
App.—Eastland, Nov. 4, 2004, no pet.) (holding that operation and use of motor
driven equipment to perform road and ditch work that increased grade near home and
that installed culverts to other properties so that water would not drain away from
Breedlove home did not constitute use of motor-driven equipment under the Tort
Claims Act because motor-driven equipment only created condition that made
flooding possible).


 We conclude that the Club’s claim does not fall within the
exception to immunity set forth in section 101.021(1)(A). 
          We hold that the Club’s claim that the City negligently operated the water
pump does not give rise to a claim for damages arising from the operation or use of
motor-driven equipment. We further hold that the City’s immunity is not waived by
the Tort Claims Act, and that the trial court did not err by granting the City’s plea to
the jurisdiction. We overrule the Club’s first issue. Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.