

# NUMBER 13-11-00337-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

BETTY AND ELMO DORBANDT,
BRYAN RICHEY, LARRY IRWIN,
MARIANO LAO, JIMMIE M. NAJVAR,
AND LILA J. LANEHART,                                    Appellants,

v.

CAMERON COUNTY,                                         Appellee.

---

On appeal from the 138th District Court
of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellants Betty and Elmo Dorbandt, Bryan Richey, Larry Irwin, Mariano Lao,

Jimmie M. Najvar, and Lila J. Lanehart appeal the trial court's order granting Cameron

County's plea to the jurisdiction.[1]  By two issues, they argue:   (1) the trial court erred by granting the County's plea to the jurisdiction because the record shows their negligence claim against the County arose from the County's use of motor-driven vehicles or equipment, thus waiving the County's immunity under the Texas Tort Claims Act ("TTCA"); or (2) in the alternative, this case should be remanded to the trial court to afford them an opportunity to replead their claim against the County.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011).   We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellants' petition provides the prima facie facts under consideration. Appellants own various tracts of real property along the banks of the Arroyo Colorado, a body of water located in Cameron County, Texas.[2]   In 2005, the County performed excavation work in a public easement located along the property line between some of the appellants' properties.   Specifically, appellants alleged that the County "took certain actions to divert water from County maintained borrow ditches running along both sides of West Arroyo City Boulevard and direct the flow of water into the easement."   According to appellants, "the County, through the use of motor-driven vehicles and/or equipment, tore down a fence, damaged [appellants'] property, marooned a large piece of

---

[1]   The other defendants are Hugh R. "Bud" and Linda Koch and Wells Fargo Bank, N.A., as trustee of the George Gibbons Trust No. One and George Gibbons Trust No. Two.   Only the plaintiffs/appellants and Cameron County are parties to this appeal.

[2]   Appellants alleged that in 2003, the trustee of the George Gibbons Trusts allegedly instructed Hugh and Linda Koch to drain the wetland areas of the property in order to develop it.   The Koch defendants thereafter allegedly drained the wetlands west of appellants' properties, diverting the natural flow of the water into the County's borrow ditches.   The Koch defendants also allegedly filled a drainage ditch, blocking the natural flow of the water to the Arroyo Colorado.

Appellants further alleged that in 2006, the Kochs again took actions to clear, expand, and further modify the drainage ditch leading from the wetlands and that these actions resulted in further damages to appellants' respective properties.

2

construction equipment [in the public easement], and negligently performed excavation work which caused substantial damage to their property during heavy rains" because of a new "massive low area in the flow path [of the easement] that . . . obstructed egress to the Arroyo Colorado."

In March 2007, heavy rainfall occurred and, as a result of the County's allegedly negligent excavation work, "water was diverted into the [e]asement and then prevented from properly draining into the Arroyo Colorado, [thereby] causing and/or contributing to the damages and interference with" appellants' use and enjoyment of their properties. Appellants asserted their properties flooded because of the County's and the Kochs' prior negligent actions, combined with the heavy rainfall. Appellants also pleaded that the same type of damage occurred again in 2008, when Hurricane Dolly struck and caused heavy rainfall in the area.

Appellants sued the County alleging its immunity was waived under the TTCA because their damages were caused by the County's use of motor-driven vehicles or equipment. *See id.* The County responded by filing a plea to the jurisdiction in which it alleged appellants' injuries, at most, arose from a condition the County created. The parties filed evidence on the jurisdictional issue, and appellants amended their petition after the County filed its plea to the jurisdiction.[3] Following a hearing, the trial court granted the County's plea to the jurisdiction. This accelerated, interlocutory appeal

---

[3] Appellants' "Ninth Amended Petition" was filed after the County filed its plea to the jurisdiction. The Ninth Amended Petition was appellants' live pleading at the time the trial court granted the County's plea to the jurisdiction. Although appellants pleaded multiple causes of action and named multiple defendants in their Ninth Amended Petition, in their later-filed response to the County's plea to the jurisdiction, appellants explained their claim under the Texas Tort Claims Act was their sole cause of action against the County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A) (West 2011).

3

followed. *See id.* § 51.014(a)(8) (permitting an accelerated appeal of an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit").

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject-matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

Because immunity from suit defeats a trial court's subject-matter jurisdiction, it may be properly asserted in a jurisdictional plea. *Miranda*, 133 S.W.3d at 225–26. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). When a trial court's decision concerning a plea to the jurisdiction is based on the plaintiff's petition, we accept as true all factual allegations in the petition to determine if the plaintiff has met its burden. *Id.*; *Morris*, 129 S.W.3d at 807. We examine the pleader's intent and construe the pleading in plaintiff's favor. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (per curiam). However, a court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but must consider jurisdictional evidence as necessary to determine any jurisdictional issue presented. *Blue*, 34 S.W.3d

4

at 555. A plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading affirmatively negates the existence of jurisdiction. *Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867.

Under the doctrine of governmental immunity, a county is immune from tort liability for its own acts or the acts of its agents, unless the TTCA clearly and unambiguously waives immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West 2011); *Dallas County v. Posey*, 290 S.W.3d 869, 871 (Tex. 2009). The TTCA waives immunity for property damage caused by the wrongful act or omission or negligence of a government employee acting within the scope of his employment if the injury arises from operating or using a motor vehicle or motor-driven equipment and the employee would be personally liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

"Operation" refers to "doing or performing of a practical work" and "use" is defined in the context of this statute as "put[ting] or bring[ing] into action or service; employ[ing] for or apply to a given purpose." *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *see Starkey v. Andrews*, 104 S.W.3d 626, 629 (Tex. App.—Tyler 2003, no pet.). The Supreme Court of Texas has interpreted the "arises from" requirement to mean that the vehicle's use "must have actually caused the injury." *Whitley*, 104 S.W.3d at 543. This causal nexus is not satisfied by the mere involvement of a vehicle nor by an operation or use that "does no more than furnish the condition that makes the injury possible." *Id.*; *see City of Kemah v. Vela*, 149 S.W.3d 199, 204 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Gill v. Tex. Dep't of Criminal Justice*, 3 S.W.3d 576, 581 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

## III. DISCUSSION

By their first issue, appellants argue that the trial court erroneously granted the County's plea to the jurisdiction because the record shows that they demonstrated injury arising from the County's negligent operation or use of motor-driven equipment. We disagree. While appellants characterize their injury as one arising from the County's negligent operation or use of motor-driven equipment, the record shows that even when liberally construed, their complaint concerns a condition the County may have created years before the heavy rainfall flooded their properties in 2007 and 2008.

In pleading a waiver of immunity, it is not enough to merely state that the negligent act involved a motor vehicle or that the use of the motor vehicle caused the plaintiff's injury. *See Los Fresnos Consol., Indep. Sch. Dist. v. Southworth*, 156 S.W.3d 910, 915 (Tex. App.—Corpus Christi 2005, pet. denied) (citing *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001) (explaining mere reference to the TTCA does not establish consent to be sued and is insufficient to confer jurisdiction on the trial court)). Instead, we look to the substance of the complained-of actions, as alleged by the plaintiff in its petition. *See id.* Governmental immunity cannot be circumvented by artful pleading. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 577 & 580 (Tex. 2001); *Hidalgo County v. Dyer*, 358 S.W.3d 698, 704–05 (Tex. App.—Corpus Christi 2011, no pet.).

In *Ector County v. Breedlove*, the Eleventh Court of Appeals addressed a fact pattern similar to the one presented in this case. *See* 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.). The Breedloves' home flooded after heavy rains in October 2000. *Id.* They sued Ector County alleging that its employees' negligent use of

6

motor-driven equipment in performing road and ditch grade work near their property proximately caused their damages. *Id.* at 866. Ector County responded that its motor-driven equipment was not near the Breedloves' property at the time of the flooding, that the county last performed work near the Breedloves' property two years prior to the flooding, and that the use of motor-driven equipment only created a condition that made the flooding possible. *Id.* The court explained that while the Breedloves attempted to bring their claim within the TTCA immunity waiver by phrasing it in terms of Ector County's "use" of motor-driven equipment, Ector County's use of motor-driven equipment only furnished the condition—an "increased grade and misplacement of culverts"—that caused the Breedloves' home to flood. *Id.* at 867. Because there was no nexus between Ector County's use of the motor-driven equipment and the Breedloves' injury, the court concluded Ector County's immunity was not waived and the trial court lacked jurisdiction over the claim. *Id.* at 866–67; *see Galveston Racquet Club, Inc. v. City of Galveston*, 178 S.W.3d 167, 171 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding immunity was not waived because City's use of water pump created condition that made injury possible, but did not directly cause water leak).

In this case, appellants allege the County took actions to divert water from county-maintained borrow ditches and to direct the flow of water into the public easement between some of the appellants' respective properties. In doing so, the County negligently altered the easement in question in an attempt to accommodate the redirected and increased flow. While attempting to solve the easement flow concerns, the County allegedly removed a fence on appellant Richey's property, marooned a large piece of construction equipment, damaged the surrounding property, and created a

7

massive low area in the flow path that further obstructed egress to the Arroyo Colorado. As a result of these actions, water was diverted into the easement and prevented from properly draining into the Arroyo Colorado, thereby causing and/or contributing to the damages and interference with the use and enjoyment of appellants' properties.

As in *Ector County*, while appellants attempt to phrase their claim in terms of the County's use of motor-driven equipment, the County's use of motor-driven equipment, at most, only created the condition that made the flooding of their properties possible at least two years later. Appellants have failed to show a causal nexus between the County's alleged act of negligently using motor-driven equipment and their purported injuries. The parties agree that the equipment was "marooned" in the public easement. The parties also agree that the County's motor-driven equipment was removed from the area two years before any flooding occurred and that it was not present during any of the heavy rainfall events in 2007 and 2008. Appellants' response to the County's plea to the jurisdiction shows that County employees "removed the fence" on Richey's property—an intentional act as opposed to a negligent act or wrongful act arising from the operation or use of motor-driven equipment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (A); *Ector County*, 168 S.W.3d at 866–67.

The facts of this case are distinguishable from *City of Taylor v. Laboratory Tops, Inc.* on which appellants rely, because the injury in this case occurred at least two years after the County's motor-driven equipment was removed from the area and there is no evidence the County's use of the equipment played a direct role in the alleged injuries. *See* No. 03-08-00357-CV, 2008 WL 5423037, at *2 (Tex. App.—Austin Dec. 31, 2008, no pet.) (mem. op.). In *City of Taylor*, the plaintiff alleged the City's misuse of a vacuum

8

truck to excavate around a pipe caused the pipe to separate at the joint. *Id.* at *2. About four days after the City used the vacuum truck and while the pipes were still uncovered, the pipe separated and water flooded the plaintiff's facility. *Id.* at *1. The plaintiff presented expert testimony from an engineer that the joint of the pipe was held together by the combined force of concrete thrust blocks and the surrounding soil. *Id.* When the City negligently used the vacuum equipment, it moved the thrust blocks and caused the pipe to separate. *Id.* at *2. The City responded that it had only created a condition that made the plaintiff's injury possible and relied on expert testimony suggesting that it was the prolonged exposure of the pipes that caused the separation. *Id.* Because the plaintiff produced evidence that the City's equipment played a direct role in the injury and because the City's response only raised a fact issue on the role of the motor-driven equipment, the Third Court of Appeals held that the trial court did not err in denying the City's plea to the jurisdiction. *Id.* at *3.

Here, appellants failed to allege or prove sufficient facts showing their injuries arose from the County's operation or use of a motor-driven vehicle or equipment. Therefore, the County's governmental immunity was not waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); *Galveston Racquet Club, Inc.*, 178 S.W.3d at 171; *Ector County*, 168 S.W.3d at 867. We overrule appellants' first issue on appeal.

Based on the facts alleged and the evidence presented, we conclude that the defect in appellants' pleading is incurable. It is clear from the pleadings and the evidence that the negligent use that appellants alleged, at most, created the condition that made the injuries possible, and thus the County did not waive its immunity. *See Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867. We overrule appellants' second

9

issue on appeal.[4]

## IV. CONCLUSION

We affirm the trial court's order granting the County's plea to the jurisdiction.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
19th day of April, 2012.

---

[4] In light of our disposition of appellants' first issue, we need not reach the sub-issue the parties address on appeal concerning whether the trial court lacked subject-matter jurisdiction over appellants' 2008 claims because appellants failed to furnish the County adequate notice of their alleged injuries resulting from heavy rainfall in 2008. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (West 2011); *Hidalgo County v. Dyer*, 358 S.W.3d 698, 705 (Tex. App.—Corpus Christi 2011, no pet.); *see also* TEX. R. APP. P. 47.1.