Opinion filed April 30, 2021



**In The**

# Eleventh Court of Appeals

_____

## No. 11-19-00121-CV

_____

**BOBBY SEWELL, Appellant**

**V.**

**CITY OF ODESSA, DC ORIS, JESSE DUARTE, DARYL SMITH, LESLIE GOODSON, JOE BARRERA, AND BILL CARPENTER, Appellees**

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-16-10-0948-CV**

**M E M O R A N D U M   O P I N I O N**

Appellant, Bobby Sewell, filed suit against the City of Odessa and six individuals employed by the City. Appellant was employed by the City in its animal control division. DC Oris, Jesse Duarte, Daryl Smith, and Leslie Goodson were police officers. Joe Barrera and Bill Carpenter were animal control officers. The trial court ultimately entered a final judgment that Appellant take nothing on his

claims, and Appellant filed this appeal. Appellant challenges the trial court's judgment in nine issues. We affirm.

*Background Facts*

In his live pleading, Appellant alleged in his statement of facts that he was passed over for promotions in the animal control division. He also asserted that he previously had to serve a three-day suspension based upon Smith's actions. Appellant apparently also sought a job with the police department, but he alleged that Oris and others conspired with Appellant's ex-girlfriend to keep him from being admitted into the police academy. Appellant appears to have alleged these pre-discharge events in support of his claim for intentional infliction of emotional distress.

Appellant's statement of facts concluded with the matter that led to his resignation from the animal control division. He alleged that Goodson investigated him about his purchase of a house in 2015. Appellant alleged that Goodson violated his constitutional rights by not giving him *Miranda* rights prior to interviewing him about the purchase of the house. Appellant initially was suspended with pay after the interview with Goodson, and then later Appellant was arrested and indicted for the offense of forgery. Appellant alleged that Duarte persuaded him to resign after Appellant was released from jail.

Appellant pleaded seven causes of action that he referred to as "counts" against Appellees. In Count One, Appellant asserted a claim under 42 U.S.C. § 1983 against Oris, Smith, Goodson, and Duarte for "constructive discharge." He asserted that they constructively terminated him by forcing him to resign. In Count Two, Appellant asserted another Section 1983 claim against Oris, Smith, Goodson, and Duarte for "violations of constitutional rights." He alleged that all four of these individuals violated his due process rights. Appellant also alleged that Goodson violated his 5th Amendment rights against self-incrimination.

2

In Count Three, Appellant asserted a claim against all Appellees for intentional infliction of emotional distress. In Count Four, Appellant asserted a claim against the City for negligent hiring, training, supervision, and retention with respect to Oris, Smith, Goodson, and Duarte. In Count Five, Appellant alleged a claim of "respondeat superior" against the City with respect to the actions of Oris, Smith, Goodson, and Duarte. In Count Six, Appellant alleged a claim for slander against Barrera and Carpenter. Finally, in Count Seven, Appellant sought a declaratory judgment against all defendants seeking a declaration that their actions violated Appellant's rights.[1]

Appellees filed a motion for summary judgment that included grounds for a traditional summary judgment, a no-evidence motion for summary judgment, and a plea to the jurisdiction. Appellant filed a response to the motion for summary judgment that included objections to Appellees' summary judgment evidence. Appellant filed his own affidavit as his only item of summary judgment evidence. Appellees filed a motion to strike Appellant's affidavit.

In addition to filing a motion for summary judgment, the City also filed a motion to dismiss the individual claims against the city employees under Section 101.106(e) of the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2019). Appellees referenced their pending motion to dismiss in their motion for summary judgment. The trial court entered an order granting the City's motion to dismiss the claims against the city employees. However, Appellant does not challenge the trial court's order granting the motion to dismiss the claims against the individual defendants. On the same day that the trial court entered the order of dismissal, it also entered orders granting Appellees'

---

[1]Appellant does not challenge the trial court's determination that he did not have a valid claim for declaratory judgment.

motion to strike Appellant's affidavit and Appellees' motion for summary judgment. The trial court also entered a final judgment in favor of Appellees.

*Analysis*

We review the trial court's grant of summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). However, a trial court's decision to exclude or admit summary judgment evidence is reviewed for an abuse of discretion. *Id.* (citing *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017)). In his first and second issues, Appellant challenges the trial court's rulings on objections to summary judgment evidence. Accordingly, we must determine if the trial court abused its discretion it its rulings on the summary judgment evidence. *See id.*; *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016) (A trial court's evidentiary rulings are reviewed for abuse of discretion.). An abuse of discretion exists only when the court's decision is made without reference to any guiding rules and principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). "An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling." *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

When the trial court's order does not specify the grounds for its summary judgment, we will affirm it if any of the theories are meritorious. *Knott*, 128 S.W.3d at 216. Generally, if a party moves for summary judgment on both traditional and no-evidence grounds, we first consider the no-evidence motion. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). We review a no-evidence motion for summary

judgment under the same legal sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims. *Id.* Evidence is less than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). To be entitled to a traditional summary judgment, a defendant must conclusively negate at least one essential element of the cause of action being asserted or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). In reviewing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Merriman*, 407 S.W.3d at 248; *City of Keller*, 168 S.W.3d at 824.

Appellant's first issue concerns his objections to Appellees' summary judgment evidence. The rules of error preservation applicable during trial also apply in summary judgment proceedings. *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161,

5

164 (Tex. 2018) (per curiam) (citing *Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 317–18 (Tex. 2012) (per curiam)).  When a summary judgment affidavit suffers from a defect in form, a party must object to the formal defect and secure a ruling from the trial court to preserve error.  *Id.* at 166; *see* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 166a(f).  With one exception, Appellant objected to Appellees' summary judgment affidavits on the ground that they contained hearsay.  An objection that an affidavit contains hearsay is an objection to a defect in the form of the affidavit.  *S & I Mgmt., Inc. v. Sungju Choi*, 331 S.W.3d 849, 855 (Tex. App.—Dallas 2011, no pet.).  Appellant's hearsay objections were not preserved for our review because the record does not reflect that the trial court ruled on the objections.

Appellant also objected that Goodson's affidavit was conclusory.  Objections that statements in an affidavit are conclusory assert defects of substance, which may be raised for the first time on appeal.  *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied).  A statement is conclusory if it does not provide the underlying facts to support the conclusion.  *Id.*  Goodson was the detective that interviewed Appellant about his actions in regard to the purchase of the house.  This interview was the event that led to Appellant's arrest and indictment for forgery.  Goodson's summary judgment affidavit accompanied a recording of the interview.  She stated in the affidavit that she had reviewed the electronic file of the recorded interview and that it "fairly and accurately depicts said interview."  Given the nature of her affidavit as a means for the admission of the recording by one of its participants, we disagree with Appellant's contention that her affidavit was conclusory.  We overrule Appellant's first issue.

Appellant asserts in his second issue that the trial court erred by granting Appellees' motion to strike Appellant's summary judgment affidavit.  Appellees objected to Appellant's affidavit on the following grounds: (1) that it did not establish Appellant had personal knowledge of the matters set out in the affidavit

and that Appellant based statements in three paragraphs in the affidavit upon "information and belief"; (2) that portions of the affidavit were based on inadmissible hearsay; (3) that Appellant's affidavit contained unsupported legal conclusions; and (4) that Appellant's affidavit was conclusory.

Summary judgment affidavits must be made on the affiant's personal knowledge. TEX. R. CIV. P. 166a(f); *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008). An affiant's mere belief about the facts is legally insufficient. *Kerlin*, 274 S.W.3d at 668 (citing *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996)). Appellant asserts that he should be excused from these requirements because discovery was ongoing in the case. We disagree. In this regard, the case had been on file for over two years at the time that Appellees filed their motion for summary judgment. Moreover, the trial court granted an extension of thirty days for Appellant to conduct additional discovery in order to respond to the motion for summary judgment.

Appellant made the following averments in his affidavit upon "information and belief": (1) that Oris conspired with Appellant's ex-girlfriend to deny his admission to the police academy; (2) that information was removed from his file; and (3) that others who voluntarily resigned were given two weeks rather than being forced to immediately resign. The trial court did not abuse its discretion by striking these provisions from the affidavit because they were expressly not based on Appellant's personal knowledge. *See id.* (holding that an affidavit based on "the best of my personal knowledge and belief" was insufficient).

Appellees also asserted that other averments should be struck from Appellant's affidavit because they were not based on his personal knowledge. These statements included the following matters: (1) Duarte told Oris not to give Appellant two weeks; (2) the reason why Appellant was not promoted; (3) Appellant was denied admission to the police academy because of his handwriting; and

7

(4) Appellant was written up for insubordination for not answering questions. Appellees asserted that Appellant did not explain the basis of his personal knowledge for these matters. We agree. An affidavit is insufficient if it does not show a basis for the witness's personal knowledge. *See Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 669 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). These matters were decisions made by others, and Appellant has not shown his basis for knowledge about them. Accordingly, the trial court did not abuse its discretion by striking these portions of Appellant's affidavit.

Appellees next asserted that Appellant's affidavit contained inadmissible hearsay. They challenged the following statement in the affidavit: "Maria Ruiz, the owner of Pancho Patron Restaurant, notified me that BARRERA (my ex-boss) and CARPENTER came to the restaurant in uniform, and they talked to her about me, slandering my character by insinuating that 'I involved [sic] in illegal dealings and that is how I pay for my house and vehicles.'" Evidence offered in support of or in opposition to a summary judgment motion must be in admissible form to constitute competent summary judgment evidence. *Greeheyco, Inc. v. Brown*, 565 S.W.3d 309, 316 (Tex. App.—Eastland 2018, no pet.); *see* TEX. R. CIV. P. 166a(f). A summary judgment affidavit containing hearsay is objectionable on that basis. *See Stovall & Assocs., P.C. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 796 (Tex. App.—Dallas 2013, no pet.); *see also* TEX. R. EVID. 801(d) (defining hearsay). Appellant's averment as to what Ruiz told him is inadmissible hearsay. Accordingly, the trial court did not abuse its discretion by striking this paragraph from Appellant's affidavit.

Appellees also asserted that Appellant's affidavit concluded with three paragraphs that were conclusory in nature. These statements were as follows: (1) "While acting under color of state law the Defendants deprived me of due process in violation of 42 U.S.C. § 1983. Their acts were done in accordance with a policy,

practice or custom of the state, at its police department of the City of Odessa." (2) "I was constructively discharged from my position from the Animal Control Division of the City of Odessa." (3) Appellant suffered damages "[d]ue to the Defendants' acts." Conclusory testimony or affidavits are not competent summary judgment evidence and are insufficient to create a question of fact to defeat summary judgment. *Cammack the Cook, L.L.C. v. Eastburn*, 296 S.W.3d 884, 894–95 (Tex. App.—Texarkana 2009, pet. denied). We agree with Appellees' contention that these statements in the affidavit are conclusory.

Finally, Appellant complains that the trial court erred by striking his entire affidavit based on the portions of it that were improper. We agree with Appellant's proposition. *See Spradlin v. State*, 100 S.W.3d 372, 381 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Accordingly, we overrule Appellant's second issue in part. We uphold the trial court's rulings to the specific portions of the affidavit that we have addressed. However, we sustain Appellant's second issue with respect to the remaining portions of his affidavit.

In his third issue, Appellant contends that the trial court erred by granting Appellees' no-evidence motion for summary judgment because an inadequate time for discovery had elapsed. As noted previously, a no-evidence motion for summary judgment is only appropriate after an adequate time for discovery has transpired. TEX. R. CIV. P. 166a(i). The rule does not require that discovery must have been completed, only that there was "adequate time." *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). In granting a no-evidence motion for summary judgment, a trial court implicitly holds that an adequate time for discovery passed before its consideration of the motion. *Chamie v. Mem'l Hermann Health Sys.*, 561 S.W.3d 253, 256–57 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse-of-discretion standard. *Id.* at 257. In considering whether the trial court permitted an adequate time for discovery, we consider the following nonexclusive factors: (1) the nature of the case, (2) the nature of the evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that already had taken place, and (7) whether the discovery deadlines in place were specific or vague. *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Appellant contends that an inadequate time for discovery had elapsed because the discovery deadline set out in the trial court's Discovery Control Plan had not been reached. We disagree.

When Appellant filed the underlying proceeding on October 19, 2016, he indicated his intention that discovery should be conducted in accordance with a Level 3 discovery control plan. *See* TEX. R. CIV. P. 190.4. Rule 190.1 requires the plaintiff to advise the court and the other parties of his intentions with respect to discovery. *See* TEX. R. CIV. P. 190.1. "The initial pleading required by Rule 190.1 is merely to notify the court and other parties of the plaintiff's intention; it does not determine the applicable discovery level or bind the court or other parties." TEX. R. CIV. P. 190.6 cmt. 1. "[A] plaintiff's statement in the initial paragraph of the petition that the case is to be governed by Level 3 does not make Level 3 applicable, as a case can be in Level 3 only by court order." *Id.* When a trial court does not sign an order adopting a Level 3 discovery control plan, the default discovery limitations of Level 1 (which does not apply here) or Level 2 apply. *See Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 326 (Tex. App.—Fort Worth 2007, pet. denied). Under Rule 190.3 as it existed at all times relevant to this case, the discovery period under Level 2 ended nine months after the earlier of the date of the first oral

10

deposition or the due date of the first response to written discovery. *See former* TEX. R. CIV. P. 190.3(b)(1)(B)(ii) (amended effective Jan. 1, 2021, to reflect that Level 2 discovery ends nine months after the first initial disclosures are due).

The parties did not present a discovery control plan for entry until December 3, 2018. This date was over two years after Appellant filed suit, and it was after Appellees filed their motion for summary judgment. Under former Rule 190.3, the nine-month discovery period had already ended because the first responses to written discovery were served on December 22, 2016. Accordingly, we disagree with Appellant's contention that the discovery period had not ended when the trial court entered the summary judgment. Moreover, the trial court granted Appellant's request for more time to conduct additional discovery before ruling on Appellees' motion for summary judgment. Given the fact that the case had been on file for two years before Appellees filed their motion for summary judgment, the trial court did not abuse its discretion by determining that an adequate time for discovery had elapsed. We overrule Appellant's third issue.

In his fourth and fifth issues, Appellant contends that the trial court erred in granting Appellees' motion for summary judgment on his Section 1983 claims. He asserts in his fourth issue that he demonstrated a material question of fact on his claim for constructive discharge by asserting that Oris, Smith, Goodson, and Duarte forced him to resign. Appellant asserts in his fifth issue that, even though he was an at-will employee, he had a viable *Sabine Pilot*[2] claim. Appellant also asserts in his fifth issue that Goodson violated his constitutional right against self-incrimination by failing to give him his *Miranda*[3] warnings.

---

[2]*Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985).

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

11

For the purpose of our analysis, we will assume that Appellant has asserted a claim under Section 1983 for wrongful discharge. 42 U.S.C. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Section 1983 does not grant substantive rights but, rather, provides a vehicle for a plaintiff to vindicate rights protected by the United States Constitution and other federal laws. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Municipalities are "persons" within the meaning of Section 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Neither the City nor any of its employees have immunity from a Section 1983 claim. *See Howlett v. Rose*, 496 U.S. 356, 375 (1990); *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 241–42 (Tex. App.—Dallas 2000, pet. denied). To pursue a Section 1983 claim, the plaintiff must plead a cause of action in which the deprivation of a federal right is implicated. *City of Fort Worth v. Robles*, 51 S.W.3d 436, 444 (Tex. App.—Fort Worth 2001, pet. denied), *disapproved of on other grounds by City of Grapevine v. Sipes*, 195 S.W.3d 689, 695 & n.5 (Tex. 2006)).

Appellant generally asserts that Appellees violated his right not to be deprived of property without due process of law. In analyzing a claim of deprivation of procedural due process, we apply a two-part test: we must determine (1) whether the plaintiff had a liberty or property interest entitled to procedural due process and (2) if so, what process is due. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). In a substantive due process analysis, we determine (1) whether the plaintiff had a protected property interest and (2) whether the government deprived him of that interest capriciously

and arbitrarily. *City of Lubbock v. Corbin*, 942 S.W.2d 14, 21 (Tex. App.—Amarillo 1996, writ denied); *see Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (substantive due process bars arbitrary, wrongful government actions); *Simi Inv. Co. v. Harris Cty., Tex.*, 236 F.3d 240, 249 (5th Cir. 2000) (substantive due process protects against deprivation of constitutionally protected interests through government's arbitrary abuse of power). Thus, the first question under both procedural and substantive due process is whether Appellant had a constitutionally protected property interest in his position with the City's animal control division.

We look to Texas law to determine whether Appellant had a protected property interest. *See Nunez v. Simms*, 341 F.3d 385, 387–88 (5th Cir. 2003). The summary judgment evidence conclusively established that Appellant did not have protected property interest in his position. Appellees filed summary judgment evidence indicating that Appellant was an at-will employee. Appellant does not dispute that he was an at-will employee. "[A]n employee who is terminable at will generally has no constitutionally-protected property interest." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016). An employer "generally can terminate an at-will employee for any reason or no reason at all." *See Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 715 (Tex. 2003); *Montgomery Cty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998) ("[A]bsent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all."). A unilateral expectation of continued employment is not enough to create a constitutionally protected property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

Appellant also asserts that he had a protected liberty right to his reputation that Appellees adversely affected without due process. To prevail on a claim of this type, Appellant must show: "(1) that [he] was discharged; (2) that stigmatizing charges were made against [him] in connection with the discharge; (3) that the

13

charges were false; (4) that [he] was not provided notice or an opportunity to be heard prior to [his] discharge; (5) that the charges were made public; (6) that [he] requested a hearing to clear [his] name; and (7) that the [City] refused [his] request for a hearing." *Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000). Appellant has failed to plead a claim of this type because he did not allege that Appellees denied him of a hearing to clear his name.

Appellant's claim that Goodson failed to read him his *Miranda* warnings is not cognizable as a Section 1983 action. "The reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself." *Warren v. City of Lincoln, Neb.*, 864 F.2d 1436, 1442 (8th Cir. 1989). Therefore "the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Id.* (citing *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir.1976), which provides: "The Constitution and laws of the United States do not guarantee [plaintiff] the right to Miranda warnings. They only guarantee him the right to be free from self-incrimination. . . . No rational argument can be made in support of the notion that the failure to give Miranda warnings subjects a police officer to liability under the Civil Rights Act.").

Finally, we disagree with Appellant that he stated a viable Section 1983 claim under *Sabine Pilot*. In *Sabine Pilot*, the Texas Supreme Court carved out an exception to the general at-will employment doctrine in Texas to protect employees whose employers ask them to act illegally and whose refusal to do so results in their termination.[4] 687 S.W.2d at 735. Appellant has not alleged that he was terminated

---

[4]In *Sabine Pilot*, the court also discussed some of the statutory exceptions to the at-will employment doctrine. 687 S.W.2d at 735. Those statutory exceptions relate to termination decisions based upon race, color, handicaps, religion, filing a workers' compensation claim, union membership or nonmembership, active duty in State military forces, jury service, and refusal to perform an illegal act. *Id.* A termination for any of those reasons would be for an unlawful reason. Appellant has not alleged that he was discharged for any of these reasons.

because he refused to do an illegal act.  Moreover, stating a cause of action under *Sabine Pilot* would not state a claim for a federal law violation.

The trial court did not err in granting Appellees' motion for summary judgment on Appellant's Section 1983 claims.  We overrule Appellant's fourth and fifth issues.

Appellant's remaining claims are subject to the Texas Tort Claims Act.  *See* Civ. Prac. & Rem. ch. 101.  In this regard, the Tort Claims Act is the only avenue for a common law recovery against the government.  *Franka v. Velasquez*, 332 S.W.3d 367, 378 (Tex. 2011).  Accordingly, all tort theories alleged against a governmental unit and its employee are considered to be brought under the Tort Claims Act even if the Act does not confer a waiver of immunity for a particular claim.  *Id.*

The order dismissing the claims against the individual defendants is relevant to Appellant's claims that were not brought under Section 1983.  "When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment."  *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020).  However, Appellant does not challenge the order dismissing the individual defendants.  As a result of the unchallenged order dismissing the individual defendants, Appellant's remaining claims against the individual defendants no longer exist.[5]

---

[5]Section 101.106(e) provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."  Civ. Prac. & Rem. § 101.106(e).  This section serves the purpose of avoiding duplicative claims that should have only been brought against the governmental unit.  *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 415 (Tex. 2015).  It accomplishes this purpose by providing for the expedient dismissal of governmental employees that are sued at the same time as the governmental unit when the governmental unit files a motion to dismiss under Section 101.106(e).  *Id.*  When the governmental unit files a Section 101.106(e) motion to dismiss, it "effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party."  *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013).

Appellant's sixth issue concerns the City's claim of governmental immunity to Appellant's claims for intentional infliction of emotional distress; negligent hiring, training, supervision, and retention; and respondeat superior. The City asserted that it had governmental immunity from these claims under the Tort Claims Act. "Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The State retains sovereign immunity from suit to the extent that immunity has not been abrogated by the legislature. *See Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002). "Governmental immunity operates like sovereign immunity to afford similar protection to political subdivisions of the State, including counties, cities, and school districts." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)).

Governmental immunity encompasses both immunity from suit and immunity from liability. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit completely bars actions against governmental entities unless the legislature expressly consents to suit. *Reata Constr.*, 197 S.W.3d at 374. Immunity from suit deprives the courts of subject-matter jurisdiction and thus completely bars the plaintiff's claims. *Wichita Falls State Hosp.*, 106 S.W.3d at 696. Whether a court has subject-matter jurisdiction is a legal question that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Ector Cty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

The Act provides a limited waiver of immunity, allowing suits to be brought against governmental units only in certain, narrowly defined circumstances. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *W. Odessa*

16

*Volunteer Fire Dep't, Inc. v. Contreras*, 549 S.W.3d 203, 207–08 (Tex. App.—Eastland 2018, no pet.); *Breedlove*, 168 S.W.3d at 865. Appellant contends that the Act does not apply to his claims for intentional infliction of emotional distress; negligent hiring, training, supervision, and retention; or respondeat superior because he filed a Section 1983 action.[6] We disagree with Appellant for two reasons. First, Appellant pleaded his claims for intentional infliction of emotional distress and negligent hiring, training, supervision, and retention in separate counts from his Section 1983 claims. Second, we have determined that Appellant did not plead a viable Section 1983 claim because he did not allege a protected property interest or liberty interest. Accordingly, the City has governmental immunity for Appellant's claims for intentional infliction of emotional distress; negligent hiring, training, supervision, and retention; and respondeat superior unless there is a waiver for these claims under the Act.

The Tort Claims Act does not waive immunity for a claim based on an intentional tort. CIV. PRAC. & REM. § 101.057(2). Accordingly, the City has governmental immunity for Appellant's claim for intentional infliction of emotional distress. *See Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 382 (Tex. App.—Eastland 2006, no pet.). Also, a claim for negligent hiring, training, supervision, and retention is not cognizable under the Tort Claims Act because such a claim does not involve an injury arising from the condition or use of tangible personal property or real property or involve motor-driven equipment. *See* CIV. PRAC. & REM. § 101.021; *Goodman v. Harris Cty.*, 571 F.3d 388, 394 (5th Cir. 2009); *Meyer v. Coffey*, 231 F. Supp. 3d 137, 151 (N.D. Tex. 2017); *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580–81 (Tex. 2001). Finally, Appellant's failure to allege a viable claim under

---

[6]Appellant acknowledges in his brief that his claims against the City for intentional infliction of emotional distress and negligent hiring, training, supervision, and retention are precluded by the Tort Claims Act.

either Section 1983 or the Tort Claims Act precludes his claim to hold the City vicariously liable under the theory of respondeat superior.[7]  *See DeWitt v. Harris Cty.*, 904 S.W.2d 650, 653 (Tex. 1995).  We overrule Appellant's sixth issue.

In his seventh issue, Appellant asserts that the trial court erred by granting summary judgment on his claim for intentional infliction of emotional distress. Appellant contends that he established a prima facie case of intentional infliction of emotional distress.  We need not address this contention because the claims against the individual defendants were dismissed, and we have upheld the trial court's determination that the City had governmental immunity to Appellant's claim for intentional infliction of emotional distress.  We overrule Appellant's seventh issue.

In his eighth issue, Appellant asserts that the trial court erred by granting summary judgment on his claims for respondeat superior and negligence based on the theories of negligent hiring, training, supervision, and retention.  Appellant asserts that he established a prima facie case for these claims.  As was the case with Appellant's claim for intentional infliction of emotional distress, we need not address his contentions in his eighth issue because the individual defendants were dismissed and we have upheld the trial court's determination that the City had governmental immunity to Appellant's claims for respondeat superior and negligence based on the theories of negligent hiring, training, supervision, and retention.  We overrule Appellant's eighth issue.

In his ninth issue, Appellant contends that the trial court erred by granting summary judgment on his claim of slander against Barrera and Carpenter.  He contends that he established a prima facie case of slander against Barrera and Carpenter.  Appellant asserts that he only asserted these claims against Barrera and

---

[7]We note that "[a] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

Carpenter in their individual capacities. However, Appellant has not challenged the dismissal of the claims against the individual defendants. Moreover, the only basis for Appellant's contention that he established a prima facie claim for slander is the following statement in his summary judgment affidavit: "Maria Ruiz, the owner of Pancho Patron Restaurant, notified me that BARRERA (my ex-boss) and CARPENTER came to the restaurant in uniform, and they talked to her about me, slandering my character by insinuating that 'I involved [sic] in illegal dealings and that is how I pay for my house and vehicles.'" We have determined in our consideration of Appellant's second issue that the trial court did not err in determining that this statement constituted inadmissible hearsay. Accordingly, we overrule Appellant's ninth issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

April 30, 2021

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[8]

Trotter, J., not participating.

---

[8]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.